[L. A. No. 7415. In Bank.—March 3, 1923.]

## RUSSELL SCOTT, Appellant, v. Z. B. STUART, Respondent.

[1] VENUE—MOTION FOR CHANGE—CONVENIENCE OF WITNESSES—DISCRETION.—The determination of a motion for change of place of trial upon the ground of the convenience of witnesses rests largely in the sound discretion of the court to which it is addressed, and its order thereon will be disturbed only for an abuse of discretion.

[2] ID.—LACK OF ABUSE OF DISCRETION.—It is no abuse of the trial court's discretion to deny a motion for change of the place of trial, made on the ground of the convenience of witnesses, if the affidavit of the defendant in opposition to the motion shows that his witnesses will be inconvenienced if the change be ordered.

[3] ID.—PREPONDERANCE OF WITNESSES—PRODUCTION OF RECORDS—DISCRETION.—A mere preponderance in number of the witnesses which either party expects to produce will not necessarily determine the order to be made on a motion for change of place of trial; nor will the necessity of producing on the trial the records and files in another suit in which the services sought to be recovered for were performed, and the expenses incident thereto, settle the question; this, in common with other matters, being a consideration addressed to the discretion of the court.

APPEAL from an order of the Superior Court of Los Angeles County denying a motion for a change of the place of trial. Charles S. Crail, Judge. Affirmed.

C. C. Baker for Appellant.

C. W. Byrer for Respondent.

KERRIGAN, J.—This is an appeal by plaintiff from an order denying his motion for a change of the place of trial.

The action is to recover the reasonable value of legal services alleged to have been rendered by the plaintiff for the defendant and certain of the latter's clients at the instance of defendant in a suit for partition theretofore tried in the county of Monterey. By his answer the defendant admits that the plaintiff performed part of the alleged services, but denies all liability therefor, claiming that there was no contract of employment or agreement for compensation, and that the services were gratuitously rendered. Within a reasonable time after the cause was at issue the plaintiff made the motion above mentioned to change the place of trial from the county of Los Angeles, where the defendant resides, to the county of Monterey, on the ground of the convenience of witnesses, as provided in subdivision 3 of section 397 of the Code of Civil Procedure.

We are unable to agree with the appellant that the court erred in denying such motion.

[1] The determination of a motion of this character upon the ground of the convenience of witnesses rests largely in the sound discretion of the court to which it is addressed, and its order thereon will be disturbed only for an abuse of such discretion. (*Pascoe* v. *Baker*, 158 Cal. 232 [110 Pac. 815].)

The pleadings in the action disclose but two issues to be decided, namely: Were the services of plaintiff gratuitously rendered? and, if not, what is their reasonable value?

It appears from an affidavit of plaintiff filed in support of his motion that he intends to call sixteen witnesses, four of whom will give testimony tending to show that defendant intended to employ the plaintiff to act for him as associate counsel in the partition suit mentioned; that three others will testify that plaintiff actually appeared in court on behalf of the defendant in the capacity of an attorney at law in said suit and rendered therein certain services; that seven of the witnesses whom plaintiff expects to call are expert witnesses, some of whom will testify to the same

effect as the three just mentioned, and all of whom will testify that the services so rendered were reasonably worth the sum of two thousand five hundred dollars. The affidavit also avers that plaintiff will call as a witness the county clerk of Monterey County, who is the custodian of the papers and files in the partition suit, which he expects to introduce in evidence, and which constitute material evidence in the case; that the presence of such clerk or his deputy will be necessary at the trial; also that he intends to produce Ralph C. McComish as a witness, without stating, however, what he expects to prove by his testimony; and that all of said witnesses reside in or near Monterey County.

The defendant filed a counter-affidavit, in which he states that he expects to call eight certain witnesses, who all reside in the county of Los Angeles, and all material and necessary for proof of the allegations and denials of his answer. The testimony of three of these, it appears, will tend to limit the participation of plaintiff in the trial of the partition suit; and others of them will testify that such services were rendered without expectation of compensation. In this affidavit it also appears that seven of the eight witnesses will testify that the services so rendered by the plaintiff were not reasonably worth more than the sum of one hundred dollars.

This brief statement fairly reflects the condition of the record; and we fail to see how it can be reasonably said that the court abused its discretion in denying the motion for change of the place of trial. The defendant, being a resident of the county of Los Angeles at the time of the commencement of the action, is entitled to have the trial take place in that county, unless it appears from the evidence submitted on the motion that the convenience of witnesses and the ends of justice will be promoted by the removal of the cause. From such evidence it appears without contradiction that plaintiff, in his capacity as an attorney and counselor at law, in conjunction with others, represented the defendant in the partition litigation. As to whether or not he was to be paid therefor will depend in large measure upon his own testimony and that of the defendant. Upon this point, and also upon the issue of the reasonable value of the services, there will be practically an equal number of witnesses convenienced by the transfer or retention of the

case. In these respects the parties stand on a parity.
[2] It is no abuse of the trial court's discretion to deny a motion for a change of the place of trial made on the ground of the convenience of witnesses, if the affidavit of the defendant in opposition to the motion shows that his witnesses will be inconvenienced if the change be ordered. (*McNeill & Co.* v. *Doe*, 163 Cal. 338 [125 Pac. 345].)

[3] There is no merit in the suggestion that the larger number of witnesses reside in or near the county of Monterey. A mere preponderance in number of the witnesses which either party expects to produce will not necessarily determine the order to be made. (*Reavis* v. *Cowell*, 56 Cal. 588.) Nor will the necessity of producing in this case the records and files in the partition suit and the expense incident thereto settle the question. This, in common with the other matters, is a consideration addressed to the discretion of the court.

The order is affirmed.

Lawlor, J., Waste, J., Myers, J., Seawell, J., Wilbur, C. J., and Lennon, J., concurred.