[Civ. No. 2398. Fourth Dist.—April 17, 1941.]

GEORGE WILLINGHAM et al., Respondents, v. PHILIP PECORA et al., Appellants.

William C. Ring and Fontana & Goldstone for Appellants.

Brittan & Mack for Respondents.

CONWAY, J., *pro tem.*—Defendants and appellants, Philip Pecora, Mary J. Pecora, Joe Pecora and Ace Freight Lines, have taken an appeal from the order of the superior court denying their motion for change of place of trial from Kern County to Los Angeles County. The motions were made upon affidavits based upon the ground that the change of venue was for the convenience of the witnesses to be called on the trial of the action.

This action was commenced on October 4, 1939. It was at issue and a memorandum of motion to set for trial was filed December 12, 1939, at which time the court fixed the date of trial for May 15, 1940. On April 8, 1940, appellants presented motions for change of venue based upon the same ground and both of these motions were denied by the trial judge. A writ of *supersedeas* was issued out of this court upon stipulation of the parties staying further proceedings in the action until the determination of this appeal.

The sole question presented is whether the court abused its discretion in denying said motions for change of venue.

The action arose from an automobile collision which occurred on the Grapevine Grade in Kern County, between an automobile driven by plaintiff George Willingham, and a truck driven by defendant Vernon Shearer. Plaintiff Willingham seeks damages for personal injuries alleged to have been sustained, and plaintiffs Alice N. Hodges and G. H. Hodges, mother and son respectively, pray for damages for the alleged wrongful death of their husband and father who was killed in the accident. The principal issues presented in the answers of defendants raise the question of the alleged negligence of the driver of the automobile in which plaintiffs were riding and also a denial of negligence on the part of the driver of the truck. The answers also raise the question of the legal relationship between the driver Shearer and certain defendants, and set up the defenses of unavoidable accident. The usual questions of damages, proximate cause, contributory negligence, and the defense of Philip Pecora that his truck was operated by the defendant Shearer without his knowledge or consent are also alleged. Upon the hearing of

the motions, all of the records, papers and files were received in evidence from which the court had before it, not only a clear conception of all the issues raised by the pleadings, but also the evidence from which the court might reasonably determine whether or not the motions for change of venue were seasonably made. The respondents offered the affidavit of Henry C. Mack, who is one of the attorneys for the plaintiffs. This affidavit substantially shows: That the only eye-witness to the collision between the automobile and the truck, excluding certain parties to the action, was one McCarty who lives in San Jose, California, admittedly beyond the distance of effective service of a subpoena for personal appearance in either county; that plaintiff George Willingham was taken immediately after the accident to the San Joaquin Hospital at Bakersfield, and was there attended by Dr. Joe Smith and certain nurses whose names are now unknown to this plaintiff; that it will be necessary to call the doctor and nurses to testify for the plaintiff at the trial; that the accident was investigated by Kenneth A. Ward and Frank Walker of the Highway Patrol, who are stationed at Bakersfield, California; that said witnesses are familiar with the circumstances of the accident, the location thereof, the marks on the highway, the condition of the vehicles involved and can testify to certain statements concerning liability made by some of the participants therein; that all of this testimony is material to plaintiffs' case; that Robert F. Myers, a civil engineer, residing in Bakersfield, will be called as a witness for the purpose of making a map showing the roadway involved at the point of the collision; that a Mr. Amundsen is a photographer residing in Bakersfield and will be called to testify concerning the pictures taken of the highway. The Mack affidavit further states there is another witness residing in Kern County whom he expects to locate and who will be called to testify as to matters material to the action. In addition to testimony of all of these witnesses affiant avers that, as a part of this case, he desires to take the jury, before whom the case will be tried, to the scene of the accident for the purpose of illustrating certain testimony which affiant believes cannot be completely understood by a jury from pictures or in any other manner excepting a visit to the scene of the accident. He also sets up that the cost of taking the jury to the scene of the accident, if the action is transferred to Los Angeles County, would be

prohibitive, and alleges the financial condition of his clients as a further ground for resisting the motions.

Appellants have challenged the sufficiency of the affidavit offered for respondents, claiming that it furnishes no proof that the witnesses named therein *reside* in Kern County. This attack obviously refers to Dr. Joe Smith and the two nurses who attended plaintiff Willingham in the Bakersfield hospital, and the two highway patrolmen who were "stationed" in Bakersfield. The actual residences of other witnesses stated in the Mack affidavit were averred to be in Kern County.

Subdivision 3 of section 397 of the Code of Civil Procedure contains no requirement that the *residence* of the witnesses whose convenience is promoted, be in any particular county. The statute provides that the court, on motion, may change the place of trial when the convenience of witnesses and the ends of justice would be promoted by the change. Obviously, the convenience of the witnesses in attending the trial, rather than the places of their actual residences, is the issue to be decided by the trial court. It doubtless often occurs that the convenience of witnesses would be promoted by their testifying in a county where they are "stationed" or actually engaged in performing services in their chosen professions, even though their residences might be in a county far distant from the county where the trial is held.

A substantial portion of appellants' brief is devoted to the question touching convenience of counsel for the litigants and convenience of the parties to the action. Neither of these matters is material to the issue presented upon this appeal. (*Wrin* v. *Ohlandt,* 213 Cal. 158 [1 Pac. (2d) 991]; *Wood* v. *Silvers,* 35 Cal. App. (2d) 604 [96 Pac. (2d) 366, 97 Pac. (2d) 265].) The rule announced in these cases likewise pertains to the employees of the parties to the action.

The determination of motions for change of venue upon grounds specified in subdivision 3 of section 397 of the Code of Civil Procedure rests largely in the sound discretion of the trial judge to which such matters are addressed, and its orders based upon said motions will not be disturbed by an appellate tribunal except where it manifestly appears that there is a clear abuse of discretion on the part of the trial judge. (*Pascoe* v. *Baker,* 158 Cal. 232 [110 Pac. 815]; *Scott* v. *Stuart,* 190 Cal. 526 [213 Pac. 947].) Viewed in the

light of these decisions enunciating this salutary rule we are unable to say as a matter of law that the trial judge in the instant case abused the discretion vested in him, in denying appellants' motions.

Eliminating the parties to the action and their employees, and attorneys for the litigants, we feel there is a satisfactory showing in respondents' affidavit, and from the papers and files introduced upon the hearing, to justify the trial judge in coming to the conclusion that the convenience of witnesses and the ends of justice would not be promoted by a change of place of trial.

■ Appellants attack respondents' affidavit wherein affiant avers that the two highway patrolmen who made the investigation of the accident in question and who are familiar with many of the important details of the case, were "stationed" at Bakersfield. As we have heretofore pointed out, the averment of residence of a witness under this particular subdivision is unnecessary and the court undoubtedly correctly construed the word "stationed" to mean, "to appoint or assign to a post, place, office, or the like". (See, Webster's New International Dictionary.) Surely the fact that these highway patrolmen were assigned to the Bakersfield locality would justify the trial court in drawing the inference that their convenience would not be promoted by requiring them to leave the locality where their duty required their attention during the progress of the trial which might be protracted. The court was likewise justified in the implied finding that Dr. Joe Smith and the two nurses who were in attendance in the local hospital in Bakersfield might be reasonably inconvenienced by a change in the place of trial to Los Angeles County. ■ Appellants make the additional claim that the expense incident to the production of the records of the Industrial Accident Commission, if the trial were to be held in Kern County, would be prohibitive. This circumstance, if true, is not controlling. (*Scott* v. *Stuart, supra.*) The fact that many of defendants' witnesses reside in Los Angeles County, or that possibly a greater number live there than live in Kern County, is also not a deciding factor in motions of this kind. (*Tait* v. *Midway Field Oil Co.*, 28 Cal. App. 107 [151 Pac. 378].)

■ While we are satisfied that the merits of this appeal may well be determined upon our finding that the trial court

did not commit an abuse of discretion in denying appellants' motions on the sole ground of convenience of witnesses, there is an additional reason presented by respondents to the effect that the motions were not made within a reasonable time. The record shows that appellants permitted the action to lie dormant for nearly four months, then shortly before the trial date they filed an amendment to the answer setting up special defenses of contributory negligence and unavoidable accident. And shortly after this amendment was filed they filed these motions for change of venue. Respondents' affidavit shows that a five month delay would result in the trial of the action if the trial court should transfer the same to Los Angeles County. It is the universal rule in this state that motions of this character must be made within a reasonable time. (*Cook* v. *Pendergast,* 61 Cal. 72, 78; *Barclay* v. *Supreme Lodge,* 34 Cal. App. 426 [167 Pac. 701].)

Subdivision 3 of section 397 of the Code of Civil Procedure contains conjunctive conditions, both of which must occur before the moving party is entitled to change the place of trial. It is not only necessary that the convenience of witnesses be promoted but equally essential that the "ends of justice" be promoted before the court is justified in granting the motion. The burden of proving both of these conditions is necessarily on the moving party. The motions of appellants relied upon at the hearing in the lower court stated that the motions were made on the ground of "convenience of witnesses". Section 1010 of the Code of Civil Procedure provides that notices of motion must state the grounds upon which it will be made. Neither of these motions are made upon the ground that the "ends of justice" would be promoted by the change of venue. We conclude that the trial court could have properly denied the motions upon the ground that the ends of justice would not have been promoted by a five month delay in the trial of the action which would have resulted if the motions had been granted.

The order is affirmed.

Barnard, P. J., and Griffin, J., concurred.