[Civ. No. 13431.   Second Dist., Div. Two.   Feb. 27, 1942.]

PHOEBE ELEANOR LYON, Respondent, v. MASTER HOLDING CORPORATION (a Corporation) et al., Defendants; TURLOCK GUARANTEE BUILDING-LOAN ASSOCIATION (a Corporation), Appellant.

Wm. N. Graybiel for Appellant.

Frank W. Sawyer for Respondent.

MOORE, P. J.—Defendant Turlock Guarantee Building-

Loan Association appeals from an order denying its motion to change the place of trial from Los Angeles to Stanislaus County.

On February 17, 1937, plaintiff filed her action in the Superior Court of Los Angeles County against the predecessors in interest of defendant for damages in the sum of $8,000, suffered by reason of fraudulent representations made to plaintiff in the sale of shares of the capital stock of the Master Holding Corporation, one of such predecessors in interest. The answer of El Portal Building and Loan Association, one of such predecessors, was filed January 28, 1938, and amendments thereto were filed December 7, 1939.

On the 18th day of September, 1941, defendant Turlock Guarantee Building and Loan Association served and filed this motion for a change of place of trial from Los Angeles County to Stanislaus County on the ground of convenience of witnesses. In the notice of motion it is set forth that defendant has its principal place of business in Stanislaus County and that all of its witnesses reside therein, as do also the plaintiff and her witnesses, and that it will be in the interest of justice for both parties to have the case tried in the last-named county. In support of the motion defendant filed its affidavit of merits setting forth that the El Portal Building and Loan Association had its place of business in Stanislaus County and that it had merged all of its interests with the Turlock Guarantee Building and Loan Association April 17, 1939; and that such corporation forfeited its franchise to do business on the 16th day of March, 1933, by reason of its failure to pay its franchise tax; that it has not existed as a corporation since March 16, 1933; that the default of the Master Holding Corporation was entered February 16, 1938; that the action was dismissed as to all other defendants; that on the 22nd day of June, 1938, the deposition of plaintiff was taken in Stanislaus County at which time plaintiff named her son and daughter and son-in-law as her three witnesses, all of whom reside in Stanislaus County. The affidavit further averred that the sale of the stock of the Master Holding Corporation took place in Stanislaus County; that at that time it was allied with El Portal Building-Loan Association and they had an interlocking board of directors; that for the purpose of defeating such allegation defendant expects to use seven witnesses who are residents of Stanislaus County and that these witnesses will testify that there was no interlocking board of

directors; that Átceson, the alleged agent of El Portal Building and Loan Association was never employed by it and that the Master Holding Corporation never owned any stock in the El Portal.

In opposition to the foregoing affidavit, plaintiff filed the affidavit of her lawyer in which it is said ''one of the material issues to be tried and decided by the court in the trial of this action is the fact of the secret escrow of the exchange of corporation stock, as alleged in the complaint on file herein, without proof of which plaintiff cannot recover, which exchange was in violation of the conditions of the permit issued by the Commissioner of Corporations for the issuance and sale of the stock of the Master Holding Corporation for cash and not for exchange.'' Affiant then states the names of four witnesses, all of whom reside in Los Angeles County who cannot conveniently attend the trial in the county of Stanislaus. Moreover it is averred that the books, records and corporate files of the Master Holding Corporation are necessary evidence in support of plaintiff's cause; that all of said records are in the custody of the County Clerk of Los Angeles County who is under subpoena to produce them before the United States authority investigating the affairs of said Master Holding Corporation and its alleged allied concerns, ''which books, records and files cannot be conveniently produced to the courts of Stanislaus County as the United States authorities refuse to consent to the withdrawal of the same for that purpose.''

The case was set for trial December 27, 1939, and was dropped from the calendar because of the motion of defendant to amend its answer. By its affidavit presented on behalf of the motion for a change of place of trial, defendant named as witnesses E. R. Hawke, G. M. Brut and T. B. Scott, stating that they were all directors of El Portal and would give certain testimony in support of the defense. In her reply affidavit, plaintiff offered to stipulate that each of the witnesses proposed by the defendant was a director of El Portal during the times mentioned in the complaint and that all such witnesses would testify as set forth in defendant's affidavit of merits and that such affidavit might be considered in all respects the same as though their testimony were given under oath at the trial. Upon the affidavits presented, the court denied the motion.

It is no abuse of the trial court's discretion to deny a motion for change of place of trial made on the ground of convenience of witnesses if the affidavit of the adverse party

shows that his witnesses will be inconvenienced if the change be ordered and a mere preponderance in the number of witnesses named by the moving party will not determine the order to be made. (*Scott* v. *Stuart*, 190 Cal. 526 [213 Pac. 947].)

The question as to whether a change of the place of trial on the ground of convenience of witnesses should be ordered is a matter addressed to the sound discretion of the trial court and unless it appears that such discretion has been abused, the appellate court will not interfere with the exercise of such discretion. (*McNeill & Co.* v. *Doe*, 163 Cal. 338, 341 [125 Pac. 345] ; *Brown* v. *San Francisco Savings Union*, 122 Cal. 648 [55 Pac. 598].)

From the facts recited it was definitely established to the satisfaction of the trial court that the procurement of such documentary evidence before the court of Stanislaus County would be impossible by reason of the jurisdiction heretofore gained over it by the federal authorities. Moreover the convenience of the witnesses to be called by the plaintiff was in itself sufficient to warrant the order denying the motion. The contention of defendant is that because there is no allegation in the complaint concerning a secret escrow, for that reason the affidavit should be disregarded. It is also claimed that the testimony of the witnesses with reference to such secret escrow is material to no issue raised by the complaint. It is neither necessary nor proper to allege evidentiary details. The rules of pleading require only a clear statement of the ultimate facts requisite to the cause of action. We may safely assume that the proof of the alleged secret escrow is a necessary part in the chain of plaintiff's proof of the alleged fraud.

The order is affirmed.

Wood (W. J.), J., and McComb, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 27, 1942.