[Civ. No. 16487.   Second Dist., Div. Three.   Dec. 24, 1948.]

ARTHUR S. CARRUTHERS, Respondent, v. CROWN
PRODUCTS COMPANY et al., Appellants.

Harry J. Miller for Appellants.

A. J. O'Connor and George J. Hider for Respondent.

VALLÉE, J.—Appeal from an order changing the place of trial of the action from the county of Los Angeles to the county of Riverside on the ground that the convenience of witnesses and the ends of justice would be promoted by the change.

■ The action is for breach of contract. The motion for a change of place of trial was made by the plaintiff on the ground stated. As a trial court had broad discretion in determining a motion of this character the only question presented is whether the court arbitrarily abused its discretion in granting the motion. (*Rosicrucian Fellowship* v. *Rosicrucian etc. Church,* 72 Cal.App.2d 171, 186 [164 P.2d 282]; *Nelson* v. *Enos,* 47 Cal.App.2d 79, 81 [117 P.2d 429].) Appellants argue that the mere nonresidence of respondent's witnesses in Riverside, within an area subject to subpoena to Los Angeles, without any proof of inconvenience, does not establish inconvenience to such witnesses so as to justify a change of venue from Los Angeles to Riverside, citing *Willingham* v. *Pecora,* 44 Cal.App.2d 289 [112 P.2d 328] and *Barnett* v. *United Oil Co.,* 5 Cal.App.2d 175 [42 P.2d 656], which held that the convenience of the witnesses in attending the trial, rather than the places of their actual residences, is the issue to be decided by the trial court. They also argue that there was no evidence before the court that the ends of justice would be promoted by a change in the place of trial. We believe that the pleadings and the affidavits filed in support of the motion sufficiently establish that the convenience of the witnesses in attending the trial and the ends of justice will be promoted by a change in the place of trial. In any event, we cannot say that the court abused its discretion in granting the motion.

■ The court had before it the verified complaint and the verified answer of the defendants. These verified pleadings were properly considered in the determination of the motion. (*Lakeshore C. Co.* v. *Modoc L. & L. Co.,* 108 Cal. 261, 263 [41 P. 472]; *Harbinson* v. *Affeldt,* 75 Cal.App.2d 499 [171 P.2d 474]; *Goossen* v. *Clifton,* 75 Cal.App.2d 44, 48 [170 P.2d 104].) It would serve no useful purpose to analyze the pleadings. Suffice it to say that the complaint alleged the making of the contract in Hemet, California, its performance by plaintiff, its breach by defendant, and resultant damage. The answer of the defendants generally denied the allegations of the complaint and set up numerous special defenses. Among these was one that if plaintiff sustained any loss it was caused by plaintiff and numerous persons known to plaintiff but unknown to said defendants. Another was that the loss, if any, was caused by an unusual and unprecedented rainfall, cloudburst and by heat.

The affidavits show that 18 witnesses, who will testify in behalf of the plaintiff, reside in Hemet, within 25 miles of Riverside, the county seat of the county of Riverside, and more than 80 miles from the city of Los Angeles, the county seat of the county of Los Angeles. The testimony to be given by each of 17 of the witnesses is stated. They show that plaintiff's attorney believes that the testimony of each witness is material and necessary for the proper proof of the allegations of the complaint. They also show that the contract sued upon was made and was to be performed in the county of Riverside; that the breach of the contract arose out of the claimed failure of the defendants to deliver boxes with which to harvest a crop of apricots; that the apricots were grown in the county of Riverside near Hemet; that a proceeding and hearing had been had before the Department of Agriculture of the state involving the same matter; that the hearing took place in Hemet. There were counteraffidavits which created a conflict as to some of the matters stated in the affidavits filed in support of the motion. It is elementary that it was for the court which heard the motion to resolve the conflict and that this court will not disturb that determination. (*Rosicrucian Fellowship* v. *Rosicrucian etc. Church,* 72 Cal.App.2d 171, 185 [164 P.2d 282].) The "ruling of the trial court upon issues of fact raised by conflicting affidavits is entitled, upon appeal, to the same weight as a finding on conflicting evidence as to issues of fact." (*Rench* v. *Harris,* 76 Cal.App.2d 113, 118 [172 P.2d 576], citing 1 Cal.Jur. § 23, p. 680, and 1 Cal. Jur. 10-Yr. Supp. § 23, p. 123.)

It was not necessary, as appellants contend, that plaintiff file an affidavit of merits in support of the motion. A motion for a change of the place of trial on the ground of the convenience of witnesses cannot be made before the issues of fact are joined. The court can then, from the pleadings and affidavits, determine whether the plaintiff has a meritorious cause of action. (*Pascoe* v. *Baker,* 158 Cal. 232, 234 [110 P. 815]; *Barclay* v. *Supreme Lodge O. F. B.,* 34 Cal.App. 426, 429 [167 P. 701].)

We conclude that appellants have not demonstrated that the trial court arbitrarily abused the wide discretion with which it was vested in granting the motion on the ground stated.

Order affirmed.

Wood, Acting P. J., concurred.

Shinn, P. J., did not participate herein.