[Civ. No. 17376.   Second Dist., Div. One.   May 31, 1950.]

PACIFIC COAST TITLE INSURANCE COMPANY (a Corporation), Respondent, v. LAND TITLE INSURANCE COMPANY (a Corporation) et al., Appellants.

Paul Briskin, Faries & McDowell, Charles E. McDowell, McIntyre Faries and Willard J. Stone for Appellants.

David H. Cannon for Respondent.

WHITE, P. J.—Defendants have appealed from an order and judgment denying their motion for a change of the place of trial from the county of Los Angeles to the county of Riverside for the convenience of witnesses and to meet the ends of justice pursuant to section 397, subdivision 3, of the Code of Civil Procedure. It is claimed the denial of the motion constitutes an abuse of discretion.

Plaintiff filed suit against defendants to enjoin the use of business and trade secrets, the breach of agreements by defendant United Title Guaranty Company (hereinafter referred to as "United") with plaintiff's assignor and plaintiff, and for damages and loss of profits sustained by plaintiff as a result of the conspiracy of defendants inducing and resulting in the breach of said agreements.

Plaintiff's assignor and United allegedly entered into an agreement whereby United would issue in Riverside County, California, only policies of title insurance written by plaintiff's assignor. Plaintiff became the assignee of said agreement and United accepted and ratified the assignment.

Both defendants filed demurrers which were overruled, and they then filed answers pleading the general issue together with various special defenses. United also filed a cross-complaint for declaratory relief to which plaintiff and cross-defendant filed its answer.

Defendants then moved for a change of venue for the convenience of witnesses and to meet the ends of justice, which was denied without prejudice February 1, 1949, upon insufficient showing as to whether certain persons named would testify as to material facts within their personal knowledge and insufficient showing of inconvenience. The present motion on the same grounds was filed April 18, 1949, and was denied May 4, 1949, resulting in this appeal.

The affidavits filed by defendants in support of their motion in substance point out that the agreements were made, executed, and performable only in Riverside County and that the policies pertained only to real or personal property in Riverside County; that plaintiff has alleged costs and efforts were expended in solicitation and advertising for the purpose of building up the good will and business standing of defendant United, plaintiff's predecessor, and plaintiff; that one of the defenses will be that plaintiff did no soliciting or advertising; and that as a further defense defendants will contend a material failure of consideration excusing the defendant

United from performance of its agreements in that the policies of plaintiff were not merchantable or salable or vendible.

The affidavits set forth the names of 35 persons together with their residences and places of business as material witnesses for the defense who will be subpoenaed and "who will testify if called as a witness." Of the 35 persons named, eleven are connected with banks or lending institutions and the substance of their testimony will be that their firms would and did refuse to make loans if the policies of plaintiff or plaintiff's predecessor were evidences of ownership and that said firms were not personally solicited by plaintiff or plaintiff's predecessor for the purpose of establishing good will; four are escrow office owners and will testify they were not solicited personally or through advertising and that purchasers in Riverside County refused policies of plaintiff and plaintiff's predecessor; seven are engaged in the real estate business and will testify they were not contacted through advertising or personal solicitation; four are connected with Riverside title companies and will testify that reports and insurance policies are based on public records and no trade secrets are involved; nine are owners and publishers of newspapers and will testify neither plaintiff nor plaintiff's predecessor advertised therein. The witnesses are said to be located from 60 to 200 miles from Los Angeles, that travel and trial time would entail the loss of at least one day from employment; that eleven witnesses are not subject to subpoena and defendants would be deprived of their personal appearance under section 1989 of the Code of Civil Procedure.

In the affidavit filed in opposition to the motion, it is pointed out that defendants waited two and one half months after denial of this original motion before filing another motion and that plaintiff therefore suffered further delay and great inconvenience, that there is no showing the witnesses would refuse to testify in Los Angeles, that the plaintiff will stipulate to the taking of depositions at such time as the court may fix and will stipulate that the witnesses named by defendants' affiants will testify as stated except that defendants or their witnesses must furnish the names and addresses of the purchasers refusing to accept the policies of plaintiff.

On appeal appellants reiterate that the convenience of witnesses requires a change of the place of trial:

(a) that while the action was "properly" filed in Los Angeles County in that the principal office of one of the

defendants is in that county, nevertheless the action involves only Riverside County;

(b) that the principal issue will be the presence or absence of plaintiff's good will in Riverside County and evidence thereof can be given only by residents of Riverside County;

(c) that in addition to the time lost from business of the witnesses, eleven of the witnesses are not amenable to a subpoena issued by the Los Angeles court;

(d) that plaintiff has made no showing that its evidence would not be equally available in Riverside County or that any of its witnesses would be inconvenienced;

(e) that the inconvenience to defendants' witnesses is not remedied by plaintiff's offer to stipulate to their testimony as the correctness of testimony is to a large measure determined by a witness's personal appearance upon the stand; and

(f) that the offer of plaintiff to stipulate to depositions is of little worth as depositions would entail prohibitive costs and personal testimony is far more desirable to give weight to credibility.

Appellants concede that the action was properly filed in Los Angeles County. The question on appeal is solely one of abuse of discretion on the part of the trial court in denying the motion. In reviewing an order denying a motion for change of place of trial on the ground of convenience of witnesses, the appellate court can only reverse the order upon a clear showing of abuse of discretion (*Di Giorgio Fruit Corp. v. Zachary,* 60 Cal.App.2d 560 [141 P.2d 8]). After reading the reported cases wherein orders of the trial court granting or denying motions for change of venue on the ground of convenience of witnesses have been reviewed on appeal, it is manifest that the appellate court must base its determination of an abuse of discretion on facts peculiar to each case. Keeping in mind that the principal office of one of the appellants is in Los Angeles County, that the officers of respondent do not reside in Riverside County, that all of respondent's witnesses do not reside in Riverside County, and after a critical examination of the alleged convenience, competency, materiality, and character of appellants' witnesses, this court is unable to say as a matter of law that the trial judge in the instant case abused the discretion vested in him in denying appellants' motion.

In establishing the materiality of the testimony to be given by the witnesses named by appellants in their affidavits, the

latter have questioned the legality and validity of the original agreement between United and respondent's predecessor and whether the agreement was binding in view of lack of mutuality and consideration. These are matters to be determined upon trial of the action on its merits. For purposes of this appeal and in order to view the matter in a light most favorable to the materiality of the testimony of appellant's witnesses, it will be assumed that upon the trial of this action on its merits the trial court will find that there was a legal, valid, and binding contract but that the merchantability of respondent's policies is a constructive condition precedent to performance by defendant United.

A group of four witnesses named by appellants are all connected with Riverside title companies and will rebut the allegation of respondent that trade secrets are involved by testimony that reports of title companies and insurance policies are based on public records. ▆ In passing on a motion for change of venue on the ground of convenience of witnesses the court is not entitled to consider the convenience of an expert witness, where the witness has no personal knowledge of the facts involved, although he has personal knowledge of the details of the industry derived from personal observation and training (*Barnett* v. *United Oil Co.*, 5 Cal.App.2d 175 [42 P.2d 656]).

By the testimony of the remaining 31 witnesses appellants seek to establish: (1) that the policies were nonmerchantable; and (2) that no monies and no effort were expended by respondent for the purpose of building up good will or business standing, rebutting an allegation of respondent as to costs of advertising and solicitation.

Fifteen witnesses are to testify to the nonmerchantability of the policies. Respondent has pointed out that the affidavits in support of the motion do not state that the persons named will refuse to testify if the matter is tried in Los Angeles County, but rather that they have told appellants' attorney that they will testify. Aside from that, it is noted that of the 15 witnesses, 11 are from various branches of four or five banks. Of these 11, five are not amenable to subpoena. The remaining seven are not over two hours' driving time from Los Angeles County. Of these seven, three are without rail service to Los Angeles County.

Of the 15 witnesses to establish nonmerchantability, four

are escrow office owners. Of these four, two are not amenable to subpoena—the remaining two are not over two hours' driving time from Los Angeles County.

Thus of the 15 witnesses to establish the defense of nonmerchantability, a total of eight are amenable to subpoena and are within two hours' driving time of Los Angeles County. It can hardly be said as a matter of law that there has been an abuse of discretion on the part of the trial court in denying a motion for change of venue on the ground of convenience of witnesses where the affidavits in support of said motion merely set forth two hours' travel time and the loss of at least one business day for both trial and travel time. The seven witnesses of this group of 15 not amenable to subpoena would only offer cumulative testimony and the respondent has stipulated that they would so testify. While it is true as appellants contend that an offer to stipulate to testimony is not sufficient to defeat the motion for a change of venue because it does not provide that the facts sought to be established by the witnesses will be admitted at the trial and the trier of facts would be denied the opportunity of observing the appearance of such witnesses upon the stand and the manner in which they gave their testimony—factors that in no small degree aid in the determination of the truth and correctness of testimony (*Nelson* v. *Enos,* 47 Cal.App.2d 79, 81 [117 P.2d 429]), nevertheless, in the instant case, the testimony of the witnesses in question would be no more than cumulative. And the testimony of the other eight witnesses who make a personal appearance upon the stand would suffice to enable the trier of fact to determine the truth or falsity of the testimony as a whole.

All 31 witnesses are to testify to the second defense set forth in the affidavits supporting the motion, either that they were not personally solicited or that the respondent did no advertising. Of the remaining 16, seven are connected with real state businesses—all are amenable to subpoena and are within one and one-fourth hours' travel time to Los Angeles County. The remaining nine witnesses are connected with newspapers. Four of them are not amenable to process. Five are within two hours' driving time to Los Angeles County. Two of the five are without rail service.

The same conclusion as to convenience of witnesses would be applicable to these 16 witnesses as was applicable to the above-mentioned 15 witnesses.

Reading the record as a whole, it cannot be said that the

principal issue will be the presence or absence of respondent's good will in Riverside County nor that the action involves only Riverside County inasmuch as there is an allegation by respondent that defendant United entered into agreements with respondent with full knowledge of the nonmerchantability of its policies.

As to another of appellants' contentions on appeal not yet considered, respondent was under no duty to show that its evidence would not be equally available in Riverside County or that any of its witnesses would be inconvenienced. The burden of proof is upon the moving party to show inconvenience of witnesses (25 Cal.Jur. 910; *Carr* v. *Stern,* 17 Cal. App. 397, 408 [120 P. 35]), and if the moving party fails therein, there is no reason to consider other aspects.

As to the insufficiency of the offer to stipulate to the taking of depositions in view of cost and the greater desirability of personal testimony, by reason of the foregoing discussion as to the witnesses of appellants, the matter of depositions need not be considered.

The judgment and order are affirmed.

Doran, J., and Drapeau, J., concurred.