[Civ. No. 4532.   Fourth Dist.   Aug. 4, 1953.]

PRESTON CHURCHILL, Appellant, v. S. BARNETT WHITE et al., Respondents.

504

Mindlin & Levy for Appellant.

Miller, Higgs, Fletcher & Mack for Respondents.

MUSSELL, J.—This is an appeal from an order denying plaintiff's motion for a change of the place of trial from San Diego County to Los Angeles County.

The action is for damages for personal injuries sustained by plaintiff while riding as a guest in an automobile operated by defendant S. Barnett White. It is alleged that the wilful misconduct of said defendant in operating said automobile at a dangerous and excessive speed on a highway containing many curves and turns, near Warner Hot Springs in San

Diego County, caused the automobile to leave the highway and strike a high embankment, thereby injuring plaintiff. The complaint was filed in San Diego County and after defendants had filed answers thereto, plaintiff filed a notice of motion to change the place of trial from San Diego County to Los Angeles County on the ground that the convenience of witnesses and the ends of justice would be promoted thereby. The motion was based on the records and files in the case and on the affidavits of plaintiff and her attorney. A counter-affidavit was filed by one of the attorneys for the defendants. After arguments before the trial court, plaintiff's motion was denied and this appeal is from the order denying it.

It is stated in substance in the affidavits filed on behalf of plaintiff that the trial of the cause in Los Angeles will accommodate three named necessary and material witnesses, who are practicing doctors, residing and practicing in said city; that they are personally familiar with the condition of plaintiff and the treatment she received and will testify to the nature, extent and value of services performed by them; that each of said doctors is personally familiar with plaintiff's injuries and that none of them can or will attend a trial in San Diego County; that the trial of the cause in Los Angeles County will accommodate another material and necessary witness, namely, a nurse, residing in Los Angeles County, who attended plaintiff in Los Angeles during her illness suffered as a result of the accident and who would testify as to plaintiff's physical condition, the treatment received and the nature, extent and value of services performed by the witness; that said witness cannot and will not attend a trial in San Diego County because of her own illness and the travel distance involved.

The affidavit of defendants' counsel filed in opposition to the motion contains allegations that upon receipt of a statement by plaintiff's attorney of the amount and reasonable value of services rendered by plaintiff's nurse, and proper representations as to the accuracy of the figures and amounts paid, the defendants will be willing to stipulate as to the extent and reasonable value thereof as shown by the receipted bills or other evidence of payment; that it appears from the plaintiff's affidavit that said nurse is not now in a condition where her health will permit her to attend any trial in San Diego or Los Angeles County; that because of the nature of the action, it may become highly desirable or necessary to take the court or jury to the scene of the accident; that affiant expects to call as a witness a Mr. Shap, an employee of the

road department of the county of San Diego, who resides in San Diego County, to establish the nature of the road on the highway in question; that the approximate location of the accident will become an issue in said action; that for the purpose of establishing the place of the accident affiant intends to call one Ralph J. Spice, the operator of the Julian Garage at Julian, California, to establish the location of the accident; that the said witnesses reside in San Diego County, more than 100 miles from the courthouse in Los Angeles County, and that said witnesses cannot be compelled to appear in said trial in Los Angeles County.

A change of venue on the ground that the change will be more convenient for the witnesses is in the sound discretion of the trial court. (West's Calif. Digest, vol. 44, p. 333, § 52(1); *Figley* v. *California Arrow Airlines,* 111 Cal.App. 2d 285, 286 [244 P.2d 472]; *Lyon* v. *Master Holding Corp.,* 50 Cal.App.2d 238, 240 [122 P.2d 947].)

As was said in *DiGiorgio Fruit Corp.* v. *Zachary,* 60 Cal.App.2d 560, 563 [141 P.2d 8]:

"In reviewing an order denying a motion for change of place of trial on the ground of convenience of witnesses the appellate court can only reverse the order upon a clear showing of abuse of discretion (*Wrin* v. *Ohlandt, supra,* 213 Cal. 158 [1 P.2d 991]; *Ayres* v. *Wright,* 205 Cal. 201 [270 P. 453]; 25 Cal.Jur. 884-5) and a 'mere preponderance in the number of witnesses which either party expects to produce will not necessarily determine the order to be made.' (25 Cal.Jur. 885-6; *Scott* v. *Stuart,* 190 Cal. 526, 529 [213 P. 947]; *Willingham* v. *Pecora,* 44 Cal.App.2d 289 [112 P.2d 328].)"

The burden of the proof is on the moving party to show the inconvenience of witnesses. (*Pacific Coast etc. Ins. Co.* v. *Land Title Ins. Co.,* 97 Cal.App.2d 829, 835 [218 P.2d 573]; *People* v. *Spring Valley Co.,* 109 Cal.App.2d 656, 666 [241 P.2d 1069]; *Willingham* v. *Pecora,* 44 Cal.App.2d 289, 295 [112 P.2d 328]; *Carr* v. *Stern,* 17 Cal.App. 397, 408-409 [120 P. 35].)

It was for the trial court to determine any conflict in the affidavits filed and the ruling of the trial court upon issues of fact raised by conflicting affidavits is entitled upon appeal to the same weight as a finding on conflicting evidence as to issues of fact. (*Carruthers* v. *Crown Products Co.,* 89 Cal.App.2d 326, 328 [200 P.2d 819].) And in *Gordon* v. *Perkins,* 203 Cal. 183, 186 [263 P. 231], it is stated that where there is substantial evidence to support the action of

the trial court an order based upon conflicting affidavits, either in granting or refusing a change of venue, will not be disturbed on appeal.

In *Scott* v. *Stuart,* 190 Cal. 526, 529 [213 P. 947], the following language appears:

"It is no abuse of the trial court's discretion to deny a motion for a change of the place of trial made on the ground of the convenience of witnesses, if the affidavit of the defendant in opposition to the motion shows that his witnesses will be inconvenienced if the change be ordered. (*McNeill & Co.* v. *Doe,* 163 Cal. 338 [125 Pac. 345].)"

This language was held applicable in *People* v. *Spring Valley Co., supra,* at page 667.

In *Willingham* v. *Pecora,* 44 Cal.App.2d 289, 295 [112 P.2d 328], this court held that subdivision 3 of section 397 of the Code of Civil Procedure contains conjunctive conditions, both of which must occur before the moving party is entitled to change the place of trial; that it is not only necessary that the convenience of witnesses be promoted but equally essential that the "ends of justice" be promoted before the court is justified in granting the motion.

An examination of the affidavits filed herein and the entire record viewed in the light of the rules stated in the cases cited impels the conclusion that it cannot be said as a matter of law that the trial court abused its discretion in denying plaintiff's motion, and ruling, in effect, that plaintiff had failed to prove both of the conditions requisite to a change of the place of trial.

The counteraffidavit filed by defendants' attorney shows that defendants' witnesses will be inconvenienced if the change is ordered and where, as here, the accident is alleged to have occurred by reason of the defendant's wilful misconduct in driving at a dangerous and excessive speed on a highway with many curves and turns, the evidence of defendants' witnesses as to the condition of the highway and the place where the accident occurred is material to the issues involved.

Plaintiff contends that the showing made by defendants is legally insufficient to establish that the convenience of witnesses and the ends of justice would not be promoted by the granting of the motion. Plaintiff's argument in this connection is that the affidavit in opposition to her motion for change of venue is completely devoid of necessary probative facts bearing on the material issues of the case; that it fails to state what the testimony of defendants' witnesses might be or the

manner in which they might have become familiar with the facts. It may be observed that the showing made by the plaintiff is subject to the same objection. Had her affidavits set forth the probative facts as to her condition, and the cost of the professional services required, the defendants might have been willing to stipulate thereto. In view of the allegations in the complaint relative to excessive speed of defendants' automobile on a highway alleged to contain many curves and turns, testimony as to the condition of the highway and the place where the accident occurred is material to the issues involved. The reasonable inference to be drawn from defendants' affidavit is that the witness Shap, as an employee of the road department of the county of San Diego, was familiar with the condition of the highway in the area where the accident occurred and would be able to testify as to its nature, and that the witness Spice would likewise be able to testify as to the place where the accident occurred. It cannot be said, as a matter of law, that plaintiff's showing was sufficient to require a change of venue, and no abuse of discretion appears.

Order affirmed.

Barnard, P. J., and Griffin, J., concurred.