[Civ. No. 6174.   Fourth Dist.   July 20, 1960.]

FREDERICK HENRY HECKER, Respondent, v.
MILTON E. ROSS, Appellant.

Freda B. Walbrecht for Appellant.

William J. Cusack for Respondent.

SHEPARD, J.—This is an action brought to partition 80 acres of land located in San Diego County. Defendant cross-complained, denying plaintiff's title and alleging superior title in himself. Defendant moved to change the place of trial to Los Angeles County on the ground of convenience of witnesses and to promote the ends of justice. On conflicting affidavits, the trial court denied the motion for change of venue, and defendant appeals.

Defendant, appellant herein, contends that the trial court abused its discretion in denying the motion for change of venue.

From the record before us, it appears that in support of his motion for change of venue, defendant filed an affidavit claiming, in general substance, that he will need at the trial four witnesses who are all in the neighborhood of or over 80 years of age and who all reside in Los Angeles County; that great hardship will be caused by compelling them to attend a trial in San Diego County; that he expects to prove by such witnesses that defendant represented to them that at the time when plaintiff purchased certain interests in the land here in question at a tax sale, he was acting on behalf of the Anna Hecker Trust; that plaintiff purchased at such tax sale in violation of his trust duties; that plaintiff permitted the trust property to become tax delinquent as a part of a tax scheme to acquire the land for himself in violation of his trust duties; that he concealed such actions from the trust beneficiaries; and that the convenience of witnesses and the ends of justice will be promoted by a change of venue to Los Angeles County.

The counteraffidavit on behalf of plaintiff sets forth that three other actions have already been tried and judgment rendered in San Diego County involving the same land, the same parties, and some of the same contentions, naming said actions; that three other witnesses who are necessary for plain-

tiff's case reside in San Diego County and will be inconvenienced if they have to attend and testify in Los Angeles County; that the records of the other actions referred together with the records of the tax collector's office, the county auditor's office, and certain escrow instructions to a San Diego title company, are all located in San Diego County and are necessary for plaintiff's case; that the claimed inconvenience to defendant's witnesses is not as great as claimed by defendant; that at least three of said defendant's witnesses frequently visit a relative in San Diego County and two of said witnesses own property in San Diego County which they visit occasionally. Plaintiff also claims that three of defendant's witnesses are not cognizable on this motion for change of venue because they are real parties in interest as beneficiaries of the trust here claimed by defendant to be involved; that plaintiff will stipulate to the taking of depositions of all defendant's witnesses at any time desired.

In a reply affidavit on behalf of defendant, it is denied that the witnesses referred to by plaintiff are necessary and that two of them are actually witnesses for defendant and he intends to take their depositions. Defendant also offers certain cooperation respecting the production of records which he thinks will obviate at least a part of the plaintiff's witnesses' claimed inconvenience.

█ In an action in partition of real property, the county in which the real property is situated is the proper county for trial. (Code Civ. Proc., § 392, subd. (b).) █ " 'The nature of the *cause of action* so far as it affects or determines the place of trial will be ascertained from the complaint alone, and the court will inspect the complaint for the purpose of determining the character of the action and the judgment which may be rendered.' " (*Peiser* v. *Mettler,* 50 Cal.2d 594, 601 [1] [328 P.2d 953].) The complaint in this case clearly shows that this is an action in partition of real property situated in San Diego County. Thus San Diego County is, in the first instance, unquestionably the proper county for trial of the action.

█ Under the provisions of Code of Civil Procedure, sections 392 and 397, the place of trial in such an action may on motion, in proper case, be changed to another county when the convenience of witnesses and the ends of justice would be promoted by the change. (*Duffy* v. *Duffy,* 104 Cal. 602, 604 [1] [38 P. 443], cited with approval in *Brock* v. *Superior Court,* 29 Cal.2d 629, 636 [177 P.2d 273, 170 A.L.R. 521],

and in *Schlyen* v. *Schlyen,* 43 Cal.2d 361, 370 [4] [273 P.2d 897].) See also *Wright* v. *Superior Court,* 85 Cal.App.2d 151, 152 [2] [192 P.2d 511]. ██ However, the burden of proof that convenience of witnesses and the ends of justice require such a change is on the movant. (*E. C. Livingston Co.* v. *Blythe etc. Assn.,* 139 Cal.App.2d 161, 164 [2] [293 P.2d 96].)

██ It is true that in a case where the affidavits show *without conflict* that the convenience of witnesses and the ends of justice will be promoted by the change, it may be held an abuse of discretion to refuse the change. (*Willingham* v. *Pecora,* 44 Cal.App.2d 289, 295 [8] [112 P.2d 328]; *E. C. Livingston Co.* v. *Blythe etc. Assn., supra,* 164 [3].) ██ But it has also been uniformly held that the decision of the trial court on motions for change of venue on the ground of convenience of witnesses and to promote the ends of justice rests largely in the discretion of the trial court, and the appellate court will not interfere unless an abuse of discretion is shown. (*Wrin* v. *Ohlandt,* 213 Cal. 158, 159 [2] [1 P.2d 991].) ██ If there be a conflict in the affidavits filed, the ruling of the trial court is entitled to be given the same weight on appeal as is given findings on conflicting evidence. (*Carruthers* v. *Crown Products Co.,* 89 Cal.App.2d 326, 328 [3] [200 P.2d 819]; *Churchill* v. *White,* 119 Cal.App.2d 503, 506 [5] [259 P.2d 974].) ██ If the affidavits of plaintiff in opposition to the motion for change of venue show that his witnesses also will be inconvenienced by the change to another county as is requested by defendant, there is no abuse of the trial court's discretion in denying the motion. (*McNeill & Co.* v. *Doe,* 163 Cal. 338, 341 [3] [125 P. 345]; *Scott* v. *Stuart,* 190 Cal. 526, 529 [2] [213 P. 947]; *Churchill* v. *White, supra,* 507 [8].)

In the case at bar, the affidavit of plaintiff was clearly sufficient to support the court's implied finding that plaintiff's own witnesses would be substantially inconvenienced by having to attend and testify in Los Angeles County, and that the ends of justice would be best served by the retention of the cause for trial in San Diego County. Still further, plaintiff's affidavit was also sufficient for the trial court to have found that the extent of inconvenience to defendant's witnesses was substantially less than that claimed by defendant. From a reading of the entire record pertinent to the issues before us, we cannot say there was an abuse of discretion by the trial court.

In view of our conclusion as above set forth, it appears unnecessary to discuss other points raised by respondent. The order appealed from is affirmed.

Griffin, P. J., and Shea, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.