Filed 2/28/18; Certified for Publication 3/26/18 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| WALT DISNEY PARKS AND RESORTS U.S., INC., | B284261 |
| Petitioner, | (Los Angeles County Super. Ct. No. BC595235) |
| v. | |
| THE SUPERIOR COURT OF LOS ANGELES COUNTY, | |
| Respondent. | |
| JOHNNY GALVAN et al., | |
| Real Parties in Interest. | |

ORIGINAL PROCEEDING. Petition for writ of mandate, Rita Miller, Judge. Petition for writ of mandate granted.

McDermott Will & Emery, A. Marisa Chun and Gregory R. Jones for Petitioners.

No appearance for Respondent.

Law Offices of Scott E. Schutzman and Scott E. Schutzman for Real Parties in Interest.

Petitioner Walt Disney Parks and Resorts U.S., Inc. petitioned this court for relief from an order of the Los Angeles Superior Court denying Disney's motion to transfer venue as untimely. Because we conclude that the court erred in determining the motion was time-barred, we grant the petition for a writ of mandate and direct Respondent court to consider the motion on the merits.

## FACTUAL AND PROCEDURAL SUMMARY

Plaintiffs and real parties in interest Johnny Galvan, Sandy Mumma, and Stavros Patsalos (real parties) filed their complaint for damages in Los Angeles County Superior Court on December 6, 2016. Real parties asserted breach of contract claims, as well as claims for negligent and intentional infliction of emotional distress, arising out of visits to Disneyland Park in Anaheim in 2015. The contracts alleged annual passes and daily admission tickets contain venue selection clauses establishing Orange County, California as the proper venue for any litigation.

Disney answered the complaint on January 12, 2017 and removed the action to federal court the next day, asserting diversity jurisdiction. The federal court remanded the matter in March 2017; Disney filed its motion to transfer venue on April 17, 2017, citing as grounds Code of Civil Procedure sections 396b subdivision (a) and 397 subdivision (a).[1] Plaintiffs opposed the motion, arguing that it was untimely, and, in any event, that

---

[1] Further statutory citations are to the Code of Civil Procedure.

2

Disney's county of residence was Los Angeles.  The court heard and denied the motion on July 20, 2017.

**The Trial Court's Ruling**

In a hearing at which no court reporter was present, the court considered the arguments of counsel[2] and adopted its tentative ruling.  The court denied the motion without prejudice to defendant filing a different motion, which the court did not identify.

Disney had argued:  First, that its removal of the action to federal court served to extend its time to file the motion until after the remand; and second, that section 397, the alternative ground for the motion, is not subject to the timing requirements of section 396b, but instead grants the court discretion to change venue where the matter was not filed in the proper court. The court rejected Disney's arguments, concluding that the motion would have been untimely even before the removal to federal court.  The court also found that a defendant waives its right to ask the court to exercise its discretion under 397 if it fails to comply with the time requirements of 396b, and denied the motion.

---

[2] Both petitioner and real parties attempted to provide information concerning the oral proceedings, but failed to provide either a transcript or a settled statement.  While California Rules of Court, rule 8.486(b)(3) permits declarations where a transcript of the proceedings is not available, that rule requires a fair summary of the proceedings "including the parties' arguments and any statement by the court supporting its ruling."  Neither declaration met the requirements of the rule.  Accordingly, our review is solely based on the pleadings and the court's order.

Disney filed a petition for writ of mandate, and this Court, after real parties filed preliminary opposition, issued an Order to Show Cause on September 14, 2017.

## DISCUSSION

### A. We Review The Trial Court's Ruling De Novo

Disney's motion to change venue was explicitly based on both sections 396b and 397. The court ruled, as a matter of law, that the motion was untimely; the facts were not disputed and the court did not resolve any issues of fact in making its decision. Accordingly, we review that decision de novo. See *Kennedy/Jenks Consultants, Inc. v. Superior Court* (2000) 80 Cal.App.4th 948, 959 ["Questions of law relate to the selection of a rule" and are reviewed de novo]; *Dow AgroSciences LLC v. Superior Court* (2017) 16 Cal.App.5th 1067, 1076 [in case involving power to transfer where action filed in improper court, de novo review is appropriate where the statute is applied to undisputed facts].

### B. The Strict Time Requirements of Section 396a Did Not Bar Disney's Motion under Section 397

#### 1. The Statutory Scheme

Section 396b, which requires the court to grant a timely motion, provides:

"(a) Except as otherwise provided in Section 396a, if an action or proceeding is commenced in a court having jurisdiction of the subject matter thereof, other than the court designated as the proper court for the trial thereof, under this title, the action may, notwithstanding, be tried in the court where commenced,

4

unless the defendant, at the time he or she answers, demurs, or moves to strike, or, at his or her option, without answering, demurring, or moving to strike and within the time otherwise allowed to respond to the complaint, files with the clerk, a notice of motion for an order transferring the action or proceeding to the proper court, together with proof of service, upon the adverse party, of a copy of those papers.  Upon the hearing of the motion the court shall, if it appears that the action or proceeding was not commenced in the proper court, order the action or proceeding transferred to the proper court."

Section 397, which gives discretion to the court, provides, in relevant part,
"The court may, on motion, change the place of trial in the following cases:

    (a) When the court designated in the complaint is not the proper court."

2. Failure To Comply With 396b Does Not Automatically Waive A Party's Rights

Disney argues that, reading the two provisions together, and harmonizing their provisions, the mandatory provision embodied in section 396b is time-limited, while the discretionary provision in section 397 is not.  Opposing the petition, real parties assert that Disney did not argue it was entitled to relief under section 397 at the trial court, and that the denial of the motion without prejudice specifically permitted Disney to file a motion under that section.  Real parties appear to make these

5

arguments without a basis in the record.[3] Real parties do not provide any legal authority supporting the respondent court's ruling.

The authority on which respondent court relied was *Willingham v. Pecora* (1941) 44 Cal.App.2d 289, 295. In that case, defendants filed a motion for change of venue, based on the convenience of witnesses, one month before trial. The trial court denied the motions. On appeal, the court found no abuse of discretion, concluding that "[t]he determination of motions for change of venue upon grounds specified in subdivision 3 of section 397 of the Code of Civil Procedure rests largely in the sound discretion of the trial judge". (*Id.* at p. 293.) With respect to the timing issue, the court concluded that the motions, made so close in time to the trial date, had not been made within a reasonable time. (*Id.* at p. 295.)

Citing *Willingham*, the trial court here reasoned that the rule allowing motions to be filed within a reasonable time applied only to motions based on the convenience of witnesses. While sections 396b subdivision (a) and 397 subdivision (a) both refer to "wrong court" filings, only section 397 addresses the convenience of witnesses. Recognizing that section 397 expressly grants discretion to the court to consider "wrong court" filings, the court held that the timing limitations in section 396b for mandatory

---

[3] First, Disney's motion for change of venue specifically argued, citing relevant authority, that both provisions supported granting its motion for change of venue. Second, the record before this Court demonstrates both that the court found the motion untimely under both provisions, and that the court did not explain under what provision it believed Disney could file an additional motion.

relief in such cases did not limit the discretion section 397 gives to the court. Instead, the court concluded, the time requirements limit the moving defendant; by failing to comply with the requirements of section 396b, Disney waived its right to move for a change of venue. The case law concerning waiver does not support the conclusion of the trial court, and real parties cite no authority in support of that conclusion.[4] The court erred in finding waiver as a matter of law.

In *Lyons v. Brunswick-Balke-Collender Co.*, (1942) 20 Cal.2d 579, 582, the Supreme Court considered the issue of waiver in motions to change venue. The defendant in that case moved to change venue to his county of residence, pursuant to sections 396b and 397; he filed the motion after filing the demurrer, but prior to the hearing. Plaintiffs moved to strike the filing, arguing defendant had waived his right to seek the change of venue by not complying with the time limitations of section 396b; the trial court denied the motion to strike and granted the motion to change venue. (*Id.* at p. 581.)

The Supreme Court affirmed the order, beginning its discussion by commenting: "Section 396b of the Code of Civil Procedure permitting the defendant to have certain actions tried in the county where he resides is remedial in nature and should

---

[4] Real parties have waived the argument that the respondent court properly interpreted the statute by failing to provide argument or authority on this point. *(Utility Consumers' Action Network v. Public Utilities Com.* (2010) 187 Cal.App.4th 688, 697 ["If a party fails to support a claim of error with argument, or support an argument with the necessary citations to the record, we may deem the argument waived. *In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830, 79 Cal.Rptr.3d 588; *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246, 19 Cal.Rptr.3d 416].)"

be liberally construed to the end that a defendant may not be unjustly deprived of that right.  (*Lundy v. Lettunich* (1920) 50 Cal.App. 451, 195, P. 451; Code Civ. Proc. § 4.)  Therefore in considering this appeal we must be guided by that principle." (*Id.* at p. 582.)

The Court examined the cases applying waiver to failure to comply with section 396b, and concluded that those cases did not require as a matter of law that waiver be found in every case. "Waiver is ordinarily a question of fact.  (25 Cal. Jur. 932.)  While it may be true that the failure to institute proceedings for change of venue on the ground of residence at the time of filing a demurrer or answer, *standing alone*, requires as a matter of law that relief be denied when an attempt to obtain it is made by later proceedings, there is nothing in section 396b or the cases heretofore cited, which compels a holding that such waiver occurs as a matter of law where, as in this case, there is a sufficient showing that there was no intent to waive the right or to invoke the jurisdiction of the court in which the action is commenced, and the defendant has acted in good faith and with diligence.  To blind one's self to the realities by a slavish adherence to technicalities is not consonant with justice or the liberal tendencies with respect to rules of procedure and practice.  To give the construction to section 396b contended for by plaintiffs would be unreasonable and out of line with the rules pertaining to waiver.  Furthermore, it would require a strict and literal, rather than a liberal interpretation of that section.

The right of the defendant to have certain actions tried in the county of his residence 'is an ancient and valuable right, which has always been safeguarded by statute and is supported by a long line of judicial decisions.  "The right of a plaintiff to

have an action tried in another county than that in which the defendant has his residence is exceptional, and, if the plaintiff would claim such right, he must bring himself within the terms of the exception" [citations omitted.]'" (*Lyons, supra,* 20 Cal.2d at p. 584; see also *Van Gaalen v. Superior Court* (1978) 80 Cal.App.3d 371, 378, fn. omitted ["[T]he time limit for filing a notice of motion for change of venue prescribed by section 396b is not jurisdictional in the sense that a trial court is without power to entertain an untimely [filed] motion."].)

The *Lyons* court found no waiver under the circumstances of that case. Here too, the record reflects no evidence of an intent to waive. Disney sought promptly to comply with federal rules on removal (28 U.S.C. § 1441), and made its venue motion shortly after the federal court remanded the case. This, like the actions of the defendant in *Lyons*, does not demonstrate consent for the case to be tried in state court in Los Angeles County; to the contrary, every action taken by Disney demonstrated its assertion that the case was not properly venued there. This record does not support a finding of waiver as a matter of law.

#### C. Principles of Statutory Construction Support Disney's Motion

Respondent court, in determining that Disney's motion was barred, construed sections 396b and 397 to arrive at its conclusion. That result was not, however, compelled by application of the rules of statutory construction.

When confronted with two statutes, one of which contains a term, and one of which does not, we do not import the term used in the first to limit the second. Instead, it is our obligation to interpret different terms used by the Legislature in the same

9

statutory scheme to have different meanings. (*Roy v. Superior Court* (2011) 198 Cal.App.4th 1337, 1352, 131 Cal.Rptr.3d 536 ["[w]hen the Legislature uses different words as part of the same statutory scheme, those words are presumed to have different meanings"]; *Romano v. Mercury Ins. Co.* (2005) 128 Cal.App.4th 1333, 1343, 27 Cal.Rptr.3d 784 [same], see *Brown v. Kelly Broadcasting Co.* (1989) 48 Cal.3d 711, 725, 257 Cal.Rptr. 708, 771 P.2d 406 [""when the Legislature has carefully employed a term in one place and has excluded it in another, it should not be implied where excluded.""] (*Regents of University of California v. Superior Court* (2013) 220 Cal.App.4th 549, 558.)

Where, as here, the Legislature has chosen to include a phrase in one provision of the statutory scheme, but to omit it in the another provision, we presume that the Legislature did not intend the language omitted from the first to be read into the second. (*Cornette v. Department of Transportation* (2001) 26 Cal.4th 63, 73 ["When one part of a statute contains a term or provision, the omission of that term or provision from another part of the statute indicates the Legislature intended to convey a different meaning."]; see also *Craven v. Crout* (1985) 163 Cal.App.3d 779, 783 ["Where a statute referring to one subject contains a critical word or phrase, omission of that word or phrase from a similar statute on the same subject generally shows a different legislative intent."]; *Campbell v. Zolin* (1995) 33 Cal.App.4th 489, 497 ["Ordinarily, where the Legislature uses a different word or phrase in one part of a statute than it does in other sections or in a similar statute concerning a related subject, it must be presumed that the Legislature intended a different meaning."])

10

In arriving at the conclusion that a defendant moving for a change of venue under section 397 is barred if the motion was not made in compliance with the timing requirements of section 396b, respondent court violated these principles of statutory construction. The issue is not bar, despite the court's conclusion that "defendant cannot bring the motion if it is not brought timely." Instead, the court must determine if the record demonstrates waiver. This the trial court failed to do; had it done so, it could only have concluded, on the undisputed facts in this record, that Disney did not waive its right to seek a change of venue.

## DISPOSITION

The petition is granted and the superior court is ordered to vacate its order denying the motion for change of venue and to hold a new hearing at which it will consider Disney's motion for change of venue on its merits. Petitioner shall recover its costs.


                                        ZELON, Acting P. J.



We concur:



    SEGAL, J.                    BENSINGER, J.*

---

**\***     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

11

Filed 3/26/18

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| WALT DISNEY PARKS AND RESORTS U.S., INC., | B284261 |
| Petitioner, | (Los Angeles County Super. Ct. No. BC595235) |
| v. | |
| THE SUPERIOR COURT OF LOS ANGELES COUNTY, | **ORDER CERTIFYING OPINION FOR PUBLICATION** |
| Respondent. | |
| JOHNNY GALVAN et al., | |
| Real Parties in Interest. | |

THE COURT:

The opinion in this case filed February 28, 2018 was not certified for publication. It appearing the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c), the request by petitioner pursuant to California Rules of Court, rule 8.1120(a) for publication is granted.

IT IS HEREBY CERTIFIED that the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c); and

ORDERED that the words "Not to be Published in the Official Reports" appearing on page 1 of said opinion be deleted and the opinion herein be published in the Official Reports.


_____

ZELON, Acting P. J.,    SEGAL, J.,    BENSINGER, J. (Assigned)

2