[Civ. No. 3584. Fourth Dist. Nov. 19, 1947.]

LESLIE L. DICK et al., Appellants, v. R. J. LA MADRID et al., Respondents.

Joslyn & Hollopeter and Jacob Chaitkin for Appellants.

Thomas P. Menzies, Harold L. Watt and West & Vizzard for Respondents.

BARNARD, P. J.—This is an appeal from an order denying a motion for a change of venue, in an action for damages arising from an automobile collision which occurred in the city of Los Angeles on September 21, 1945. The action, originally filed in Los Angeles County, was on motion of the defendants transferred to Kern County. Demurrers were there overruled and answers filed by the defendants.

On October 1, 1946, the plaintiffs filed notice of a motion to transfer the action to Los Angeles County for trial, on the ground that the convenience of witnesses and the ends of justice would thereby be promoted.

An affidavit in support of this motion was filed by the plaintiff husband. This affidavit states that affiant and his wife live in the city of Los Angeles, and that five persons are material and necessary witnesses for them. That one of them will testify that he was operating a Los Angeles streetcar at the time of the accident and saw the defendants drive through a boulevard stop without slackening their speed. That two other witnesses will testify that they are police officers in the city of Los Angeles; that they found certain skid marks at the scene of the accident; and that one of the defendants admitted to them that he did not see the boulevard stop sign and did not stop. That another witness will testify that she is a nurse; that she attended Mrs. Dick at the latter's home in Los Angeles for four months commencing on October 3, 1945; and that during this time Mrs. Dick was incapacitated and required certain services. That another witness will testify that he is a physician and surgeon, admitted to practice his profession "in the State of California"; that he treated Mrs. Dick for injuries sustained by her on September 21, 1945, and still attends her for such injuries; that she was confined to a hospital in Los Angeles from September 21, 1945, to October 3, 1945, and "thereafter has been treated at her home"; and that she sustained certain injuries.

Each of the defendants filed an affidavit stating that he was, and has been, a resident of Kern County; that the motion for change of venue from Los Angeles County was granted on the ground that Kern County was the proper county for the trial of the action; that he is willing to consent to taking the depositions of any witnesses who may reside in Los Angeles County; and that a trial in Kern County will be less expensive to the parties and consume less trial time.

The matter was submitted to the court on these affidavits, the motion for change of venue was denied, and the plaintiffs have appealed from that order. The sole question presented is whether the trial court abused its discretion in denying this motion.

While the convenience of the witnesses in attending the trial is the controlling element in connection with such a motion, rather than the place of their actual residence (*Willingham* v. *Pecora,* 44 Cal.App.2d 289 [112 P.2d 328]), the affidavit here is entirely silent with respect to both of these matters. The affidavit alleges neither the place of residence of any of these witnesses, nor any facts indicating anything material to their present convenience in attending a trial, wherever it might be held. Although it was filed more than a year after the accident occurred nothing is alleged, with respect to three of the five witnesses, concerning their present whereabouts or usual activities. As to the streetcar operator, nothing is said as to where he is now located, what he is doing or why Kern County is not the most convenient place for him to attend a trial. The same is true as to the nurse, nothing appearing as to where she is or what she has been doing since about February 1, 1946. With respect to the doctor, it is not even alleged that he customarily practices in Los Angeles, and nothing is said concerning any facts which would make it inconvenient for him to attend a trial in Kern County. Everything in the affidavit could be true if these three witnesses all resided in Bakersfield and were presently active in that community.

The only thing in the affidavit justifying any possible inference as to the present whereabouts of any of these witnesses appears in connection with the two police officers, it being alleged that they were, and still are, police officers in the city of Los Angeles. No facts are given, however, which have any bearing on their availability in Kern County for the trial of this action, and none with respect to how little or how much they would be inconvenienced by so appearing. It is possible, however improbable it may be, that they would welcome an opportunity to leave Los Angeles for a short time.

Considerable discretion is vested in the trial court by section 397, Code of Civil Procedure. When such a motion is made, the burden of proof necessarily rests upon the moving party. While inferences may be drawn from facts presented, there must be some evidentiary showing in order to justify

the drawing of such inferences. On the issue which was material, no showing of essential facts was here made. It cannot be held that the evidence here was sufficient to require a ruling favorable to the appellants, or that the court abused its discretion in refusing to order this transfer on the meager and unsatisfactory showing made.

The order is affirmed.

Marks, J., and Griffin, J., concurred.

A petition for a rehearing was denied December 12, 1947, and appellants' petition for a hearing by the Supreme Court was denied January 15, 1948. Carter, J., voted for a hearing.