[Civ. No. 17433.   First Dist., Div. One.   Dec. 2, 1957.]

CHAFFIN CONSTRUCTION COMPANY (a Corporation), Respondent, v. MALEVILLE BROS. (a Partnership) et al., Appellants.

Wilke & Sapunor for Appellants.

Royal E. Handlos for Respondent.

BRAY, J.—Defendants' appeal from an order denying their motion for change of venue from San Mateo County to Sacramento County upon grounds of promotion of the convenience of witnesses and the ends of justice raises as the sole question whether the trial court abused its discretion.

### RECORD

The complaint alleged a cause of action upon breach of contract and in the alternative upon an account stated. The contract was in writing, executed between one Chaffin and the defendant copartnership and assigned by Chaffin to plaintiff. It alleged that plaintiff's principal place of business is in Sacramento County and defendant Edwin Maleville (one of the copartners) resides in San Mateo County. Defendants' answer denied liability and alleged among other matters nonperformance by Chaffin and plaintiff and that Chaffin had assigned his rights in the contract and in the alleged causes of action to third persons.

Accompanying defendants' notice of motion for change of venue was the affidavit of Elwood F. Maleville. It included a statement to the effect that to prove the stated defenses, one of which was failure to perform by Chaffin, Elwood F. Maleville and John J. Maleville, who were parties to the contract together with Edwin R. Maleville and Chaffin, would be necessary witnesses; that the two first mentioned were residents of Sacramento County; that Edwin could not testify to said matters as he was residing in San Mateo County at all times mentioned in the complaint and did not participate directly

in the negotiations for the contract nor have the opportunity to observe Chaffin's performance of the contract which took place in Sacramento County; that other witnesses necessary to be called, all of whom resided in Sacramento County, were Ralph Jeffords, who would testify to Chaffin's manner of performance and manner of keeping books, records and accounts pertinent to said contract, and to Chaffin's commingling of joint venture funds with his own funds; Esther Peyton, who was familiar with Chaffin's manner of doing business, his records, books and accounts, she having been in sole charge thereof; Morris Martin, Chaffin's construction superintendent who would testify to Chaffin's performance of the contract; Ruth Karlovich, who would testify concerning the moneys expended in the performance of the work and Chaffin's manner and method of keeping and paying accounts and in performing the construction work required by the contract; that each of these persons was gainfully employed in Sacramento County; that they could appear and testify in that county with little inconvenience but to require them to absent themselves from their homes and families to go to San Mateo County would cause them great inconvenience and hardship, particularly as more than one appearance upon the witness stand would be required of them; that Ruth Karlovich conducts an accounting service in Sacramento County requiring her constant personal attention; that all the Malevilles are engaged in business enterprises in Sacramento County requiring their full time and attention; that Edwin, though residing in San Mateo County, makes frequent trips to Sacramento in the course of business and would not be inconvenienced if required to attend the trial in Sacramento, where the contract was made and was to be and was performed.

The sole affidavit in opposition to the motion was that of Attorney Evans. It stated that prior to the filing of the suit he was present at a certain meeting in the office of defendants at Sacramento in which defendants admitted the exact amount of their indebtedness to plaintiff; that affiant's testimony was material to prove plaintiff's cause of action upon an account stated and that it would be extremely inconvenient for him to attend a trial in Sacramento as he lived in San Mateo County and maintained a law office there and in San Francisco.

### DISCRETION OF TRIAL JUDGE

The determination of a motion of this kind is addressed to the sound discretion of the trial judge. (*Wrin* v. *Ohlandt*, 213 Cal. 158 [1 P.2d 991]; *Plum* v. *Newhart*, 118 Cal.App.

73 [4 P.2d 805].) His determination "will not be disturbed by an appellate tribunal except where it manifestly appears that there is a clear abuse of discretion on the part of the trial judge." (*Willingham* v. *Pecora,* 44 Cal.App.2d 289, 293 [112 P.2d 328].) █ Moreover, "It is not only necessary that the convenience of witnesses be promoted but equally essential that the 'ends of justice' be promoted before the court is justified in granting the motion." (P. 295.) █ Of defendants' witnesses the three Malevilles are parties and therefore their convenience is not to be considered. (*Willingham* v. *Pecora, supra,* 44 Cal.App.2d 289.)* While defendants' affidavit mentioned Chaffin, plaintiff's assignor, as one of the witnesses whose convenience is to be considered, it fails to mention whether he would testify for or against defendants. Presumably he will not testify for defendant as he is plaintiff's assignor whom defendants state in their affidavit is the real party in interest. Moreover, the affidavit fails to state whether he would or would not prefer attending a trial in Sacramento rather than in San Mateo County. From the affidavit it does not appear whether Esther Peyton and Ruth Karlovich are or were plaintiff's or defendants' employees or neither. If employees of either party their convenience is not to be considered. (*Willingham* v. *Pecora, supra,* 44 Cal.App. 2d 289.) The same is true of the convenience of Attorney Evans, if he was one of the attorneys for plaintiff. (*Idem,* p. 289.) █ The affidavit fails to show whether any of these witnesses as well as Morris Martin will testify for the defendants. It states merely that they "will be required to appear and testify in the trial of this action *either by plaintiff or defendants . . .*" (Emphasis added.) The statements appearing in the affidavit that these witnesses know of Chaffin's manner of keeping accounts and of performing his contract are similar to the statements appearing in *Ennis-Brown Co.* v. *Long,* 7 Cal.App. 313 [94 P. 250], concerning which the court commented "*Non constat,* but that they would testify against defendants." (P. 316.)

█ Defendants in their briefs contend that the ends of justice would be served by a trial in Sacramento instead of in San Mateo County for three reasons: (1) The apartment

---

*There are certain circumstances not present in this case, under which the convenience of the parties will be considered (see *Borba* v. *Toste* (1942), 52 Cal.App.2d 591 [126 P.2d 655]; *Simonian* v. *Simonian,* 97 Cal.App.2d 68 [217 P.2d 157]), as well as the convenience of employees (*Wood* v. *Silvers,* 35 Cal.App.2d 604 [96 P.2d 366]).

house, the construction of which being in Sacramento County, would allow the court and the jury to view the premises for a better understanding of the case, since an issue of the manner of performance is presented. However, there is nothing in the affidavit which indicates that anything in the manner of performance pertaining to the issues would be visible at the apartment house. *Seybert* v. *County of Imperial,* 139 Cal. App.2d 221 [293 P.2d 135], cited by defendants, dealt with an accident at an inland body of water owned by the defendant. In addition to the fact that the eyewitnesses to the accident lived in the county where the accident occurred and from which it was sought to have the case transferred, the court stated that ''a view of the place where the accident happened might well be essential to a proper understanding of the testimony of the witnesses.'' (P. 231.) The affidavit discloses no such situation here. (2) The contract was made and to be performed in Sacramento County. This fact is not shown by the pleadings to be particularly material to the question here. (3) Because San Mateo County is more than 100 miles from Sacramento the witnesses could not be compelled to attend court there, and their depositions might have to be taken.* This fact might require a transfer of the case were it possible to determine from the pleadings what witnesses other than the defendants themselves defendants intend to call. Their affidavit does not state that they will call any.

■ On a motion of this kind the moving party must stand upon the strength of his showing rather than upon the weakness, if any, of the opposition. Assuming, as contended by defendants, that plaintiff's witnesses will be only its officers and employees, nevertheless in view of the failure of defendants' affidavit to inform the trial court what witnesses they will call, what they will testify to (from the affidavits it is reasonable to conclude that most, if not all, of the witnesses were or are Chaffin's employees), we are unable to hold that the trial court abused its discretion in finding that the convenience of witnesses and the ends of justice did not require a change of venue.

The order is affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.

---

*Since the determination of the motion section 1989, Code of Civil Procedure, was amended extending the distance in which a witness can be compelled to attend court to 150 miles. (Stats. 1957, ch. 1560, p. 2918.) However, we must consider the situation as presented to the trial court.