[Civ. No. 22399.   Second Dist., Div. Two.   Dec. 12, 1957.]

JIMMIE T. EDWARDS, Appellant, v. CLYDE A. PIERSON
et al., Respondents.

Harry Boxer for Appellant.

Griffith & Thornburgh for Respondents.

ASHBURN, J.—Appeal from order denying motion for change of venue from Santa Barbara County to Los Angeles County upon the ground of convenience of witnesses. The action seeks recovery of damages for personal injuries received while plaintiff was a paying guest at defendants' motel in Santa Barbara County. The complaint alleges negligent failure to keep the swimming pool and walks in good, safe and proper condition, and that same were in slippery, hazardous, defective, dangerous and unsafe condition, as the proximate result of which plaintiff, while walking upon the walks alongside the pool, slipped and tripped, fell and injured himself. Issue was duly joined upon these allegations by answer filed.

The action was filed in Los Angeles County but the parties stipulated that the case be transferred to Santa Barbara County because the accident occurred there and defendants reside therein, it being understood that such transfer should be without prejudice to a motion by plaintiff under section 397, Code of Civil Procedure, to transfer the cause to Los Angeles County. The transfer to Santa Barbara having been effected, plaintiff moved for a retransfer to Los Angeles upon the ground that convenience of witnesses and the ends of justice would be promoted by such change of place of trial.

Attached to the notice of motion is the affidavit of plaintiff's attorney who avers that plaintiff, his wife, father and mother, are residents of Los Angeles County and will be necessary witnesses on behalf of plaintiff; that each of said three supporting witnesses would testify that he or she "was personally present and witnessed the happening of the accident which is the subject of said action, the description of the premises, the resultant injuries and damages." Also alleged to be necessary witnesses are two physicians and one dentist who reside and practice in Los Angeles County, each of whom will testify "to his observations made upon examination of the plaintiff

following the accident, the care and treatment afforded to plaintiff, prognosis, and reasonable value of the medical [or dental] services rendered to plaintiff''; that in each instance ''leaving said county [of Los Angeles] for any length of time will seriously interfere with the practice of his profession, causing great loss.'' Also averred to be a necessary witness is some representative of San Gabriel Valley Hospital which is situated in Los Angeles County, which said unnamed representative ''will testify as to the X-rays taken of plaintiff's injuries, the observations made upon examination of said X-rays, and the reasonable value of said X-ray services, rendered to plaintiff.'' It is also averred that at defendants' request plaintiff was examined by Dr. Wallace Dodge who maintains his offices in the city of Los Angeles, and ''it is presumed that the defendants will wish to call said doctor to testify for and on their behalf.'' By way of conclusion the affidavit says: ''That by reason of the necessary and material evidence that the aforementioned witnesses will testify to, their presence will be required at the trial of the within action. That the convenience of the aforementioned witnesses would best be served if the action herein was transferred and tried in Los Angeles County.'' The foregoing discloses the full extent of the showing made by the moving party.

In opposition there was submitted the affidavit of defendants' attorney and one made by the two defendants. The attorney averred that each defendant ''will testify concerning the condition of the premises where the accident mentioned in plaintiff's complaint is alleged to have occurred.'' Also, that ''there are also other witnesses residing in Santa Barbara, California, who were employed by the said defendants at the time of said alleged accident and who will be necessary witnesses to testify concerning the condition of said premises around the swimming pool at the time said accident is alleged to have occurred; said witnesses include Charles Black and Douglas Holloway, both of Santa Barbara, California.'' The defendants' affidavit states that the motel is conducted solely by them, that ''it would be extremely inconvenient for your affiants to attend a trial of this action in Los Angeles because it would necessitate either that affiants close the Silver Saddle Motel for a sufficient time to enable them to attend said trial in Los Angeles or it would be necessary for affiants to employ some person or persons to manage and run said motel during said period, and in this connection affiants state that it is difficult and at times impossible to obtain persons with suffi-

cient experience to run such business." They further say that photographs have been made of the premises where the accident occurred by a Santa Barbara photographer whose testimony will be necessary at the trial in order to show the condition of the premises, "and further if said premises are still in their present state, a view thereof by the jury during the trial of the case is reasonably to be expected and desired."

█ The burden rests upon one who seeks a change of venue under Code of Civil Procedure, section 397, subdivision 3, to prove that both the convenience of witnesses and the ends of justice will be promoted thereby. (*Prewitt* v. *Prewitt*, 128 Cal.App.2d 344, 346 [275 P.2d 63] ; *City of Stockton* v. *Ellingwood*, 78 Cal.App. 117, 121 [248 P. 272].) This he must do through affidavits which contain something more than generalities and conclusions. (*Baird* v. *Smith*, 21 Cal.App.2d 221, 224 [68 P.2d 979].) It is primarily a question for the trial judge whether that burden has been successfully sustained. (See 1 Witkin, California Procedure, p. 788, § 267.)

█ The supporting affidavits must set forth the names of the witnesses, the nature of the testimony expected from each and the reasons why attendance upon the trial would be inconvenient. (*Juneau* v. *Juneau*, 45 Cal.App.2d 14, 16 [113 P.2d 463] ; *Art Frost of Glendale* v. *Hooper*, 130 Cal.App.2d Supp. 903, 905 [280 P.2d 229] ; *San Jose Hospital* v. *Etherton*, 84 Cal.App. 516, 518 [258 P. 611].) In the present instance the moving affidavits state the subjects upon which the witnesses are expected to testify but fail to reveal the substance of what any of them would say, and it is impossible to tell whether their testimony would be favorable or unfavorable to plaintiff. However, as the object of the stated requirement of the affidavit is to enable the court "to determine the materiality of the evidence or the necessity of testimony from such witnesses" (*Juneau* v. *Juneau, supra*, 45 Cal.App.2d 14, 16), the vagueness of the affidavits at bar cannot be said to vitiate although it does present a situation which properly may be considered by the trial judge in exercising his discretion.

The opposing affidavits are not much more informative. They do show that a Los Angeles trial would impose a real inconvenience upon defendants themselves because their absence from the motel would require them to close it or to find and employ some qualified person to conduct it in their absence, a difficult and at times impossible thing to arrange.

█ Convenience of a party to the action may be considered

where there are unusual circumstances of hardship (*Rios* v. *Lacey Trucking Co.*, 123 Cal.App.2d 865, 868 [268 P.2d 160]; *Figley* v. *California Arrow Airlines*, 111 Cal.App.2d 285, 286 [244 P.2d 472]; 1 Witkin, California Procedure, p. 792, § 271), but it is doubtful whether a showing has been made sufficient to meet the requirement of the cases just cited. It seems that Black and Holloway, who are alleged to be witnesses residing in Santa Barbara and necessary to testify concerning the condition of the premises around the swimming pool at the time of the accident, would be inconvenienced in traveling from Santa Barbara to Los Angeles just as much as plaintiff's relatives would be in making the reverse trip.

Whether these persons are presently employed by defendants does not appear; the convenience of a former employee may be considered upon such a motion. (*Di Giorgio Fruit Corp.* v. *Zachary*, 60 Cal.App.2d 560, 562 [141 P.2d 8]; *Wood* v. *Silvers*, 35 Cal.App.2d 604, 611 [96 P.2d 366].)

The accident having occurred in Santa Barbara, where both defendants reside, that county is the proper place for trial (Code Civ. Proc., § 395) unless convenience of witnesses and the ends of justice would be promoted by a retransfer to Los Angeles County. Change of venue on the ground of convenience lies essentially within the judicial discretion of the judge and his ruling will not be disturbed unless it clearly appears as a matter of law that there has been an abuse of that discretion. (*Rios* v. *Lacey Trucking Co., supra,* 123 Cal.App.2d 865, 868; *First-Trust Joint Stock Land Bank* v. *Meredith*, 16 Cal.App.2d 504, 508 [60 P.2d 1023, 62 P.2d 369].) In this instance the showing presented by each side was so inconclusive as to afford little information upon which to base an exercise of discretion. In the circumstances we cannot say there has been a clear abuse of same.

Order affirmed.

Fox, Acting P. J., and Richards, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.