[Civ. No. 23041. Second Dist., Div. Two. Jan. 5, 1959.]

E. A. MINATTA, Respondent, v. M. W. CROOK et al., Appellants.

James L. Patten for Appellants.

Marvin J. Colangelo for Respondent.

HERNDON, J.—This is an appeal by defendants from an order denying their motion for change of venue from Los Angeles County to Humboldt County on the grounds of the convenience of witnesses and that the ends of justice would be promoted by the change. The sole question presented is whether the trial court's ruling constituted an abuse of discretion.

Plaintiff is a truck operator; he seeks to recover the sum of $67,295.79 claimed to be due as freight undercharges on lumber which he allegedly hauled for defendants from sawmills in Northern California to various outlets in Southern California, principally in Los Angeles County. Defendants were sued individually and as copartners doing business as Pacific Fir Sales. Five of the individual defendants reside in Los Angeles County and the main office of the partnership, where the company's records are kept, is in this county. One partner, W. J. Ivey, resides in Humboldt County. The action was originally filed in Los Angeles in April, 1955, and an amended complaint incorporating the results of a complicated freight charge rerating, on which this action rests, was filed in September, 1956.

The defendants filed an answer on May 29, 1957, in which they admitted they were partners doing business as Pacific Fir Sales, but denied that plaintiff had hauled lumber for

them, that plaintiff's trucking rates were below the legal minimum or that any additional sum was due. The answer also alleged as an affirmative defense that plaintiff had contracted directly with the various sawmills which supplied the lumber, and that plaintiff was aware that defendants simply acted as sales agent for the sawmills and "had no interest or ownership in any of said lumber or in any of said mills." Defendants also alleged that plaintiff had made Pacific Fir Sales his agent to collect and turn over the freight charges collected from the consignees of the lumber and that funds which defendants had paid to plaintiff constituted advances on the freight bills against collections for plaintiff's account from the consignees. A letter from plaintiff to defendants alleged to embody the agreement between them was made part of the answer.

Thereafter, defendants moved to change the venue of the action from Los Angeles to Humboldt County on the ground that "the convenience of witnesses and the ends of justice would be promoted by the change." (Code Civ. Proc., § 397, subd. 3.) In support of their motion defendants filed the affidavit of defendant M. W. Crook, in which he revealed the names of six persons whom defendants proposed to call as witnesses necessary to establish their defense. The affidavit recites: that all of these witnesses live in the Humboldt-Siskiyou region, some 500 to 600 miles from Los Angeles; that all of them are actively engaged in the lumber or trucking business in that area; that it would be extremely inconvenient for them to leave their businesses and come to Los Angeles to testify; and that, because of the distance from their place of residence to the place of trial, said witnesses could not be compelled to attend the trial.

Mr. Crook's affidavit concludes with a summary of the expected testimony of the proposed witnesses, including that of one George Vochatzer who allegedly served as plaintiff's manager in the Humboldt area and solicited the sawmills for the hauling work involved herein. The other five proposed witnesses are identified as operators or employees of sawmills from which plaintiff hauled lumber. It is stated that each of these witnesses would testify that plaintiff contracted with his mill directly and that in each transaction Pacific Fir Sales acted simply as a sales agent.

Plaintiff filed four affidavits in opposition to the motion for change of venue, including that of Vince Bordelon, (identified as a "rate expert" engaged by plaintiff in April, 1955, to reaudit plaintiff's freight bills) whom plaintiff proposed to

call as an expert witness. Mr. Bordelon's affidavit states that he "has personal knowledge of the facts upon which he will testify at the trial," that he resides and is employed in Los Angeles County and that it would be extremely inconvenient for him to leave his employment to testify at a trial in Humboldt County.

Plaintiff's attorney, Mr. Colangelo, executed two affidavits. In one he indicated that state tariff regulations require a higher freight rate for off-rail than for on-rail destinations, and that the undercharges arose because the original freight bills had been prepared as if each destination was a railhead. He averred that plaintiff proposed to call a number of unidentified persons who could testify as to what rail facilities were in fact available at the several consignee's places of business. The second affidavit indicated that it would be necessary to subpoena the records of defendant Pacific Fir Sales, which were kept in their offices in Los Angeles County.

Finally, plaintiff submitted the affidavit of R. W. McCoy, an ex-employee of plaintiff presently residing and employed in Los Angeles County, who averred that it would be extremely inconvenient for him to attend a trial in Humboldt County because he could not obtain leave from his present employment.

The nature of Mr. McCoy's expected testimony is revealed in the following extracts from his affidavit: "That between the dates of September 30, 1953 and July 31, 1954, deponent was employed as dispatcher for E. A. Minatta, the plaintiff herein; that during the period September 30, 1953-July 31, 1954, he personally assisted E. A. Minatta in the negotiations and arrangements leading up to the agreement between said E. A. Minatta and defendants Pacific Fir Sales. . . . Deponent in his capacity of supervisor of said Oakland Yard of plaintiff received all instructions for the delivery of the lumber from said yard from the defendants herein and he can testify concerning the instructions so received from the defendants, and deponent knows and can testify that defendants agreed to pay to plaintiff the freight charges covering all of said shipments."

The question to be answered is whether the record as above summarized shows an abuse of discretion in the denial of the motion. ■ As recently stated by this court: "Change of venue on the ground of convenience lies essentially within the judicial discretion of the judge and his ruling will not be disturbed unless it clearly appears as a matter of law that

there has been an abuse of discretion.'' (*Edwards* v. *Pierson,* 156 Cal.App.2d 72, 76 [318 P.2d 789]; *Chaffin Construction Co.* v. *Maleville Bros.,* 155 Cal.App.2d 660, 662 [318 P.2d 196]; *Di Giorgio Fruit Corp.* v. *Zachary,* 60 Cal.App.2d 560, 563 [141 P.2d 8].)

Pursuant to subdivision 3 of section 397 of the Code of Civil Procedure, the court may, on motion, change the place of trial ''When the convenience of witnesses and the ends of justice would be promoted by the change.'' Both of these conditions—convenience of witnesses and the ends of justice—must concur and ''. . . the moving party has the burden of proving that both conditions will be met.'' (*Peiser* v. *Mettler,* 50 Cal.2d 594, 607 [328 P.2d 953]; *Willingham* v. *Pecora,* 44 Cal.App.2d 289, 295 [112 P.2d 328].) Since the burden was on appellant to establish by affidavit or otherwise that both conditions of section 397, subdivision 3 of the Code of Civil Procedure were met, we must inquire if there was substantial evidence before the trial court that the ends of justice would be served by retaining the action for trial in Los Angeles County. If there is such evidence in the record, the determination was within the trial court's judicial discretion, and the order complained of must be affirmed. (*Edwards* v. *Pierson, supra,* 156 Cal.App.2d 72, 76.)

There is no requirement that there be direct evidence of the facts showing that the ends of justice will be served by granting or denying the change. ''The trial court may rely not only on the direct facts set forth in the affidavits, but also on any reasonable and relevant inference arising therefrom.'' (*Harden* v. *Skinner & Hammond,* 130 Cal.App.2d 750, 755 [279 P.2d 978]; *cf. Benjamin* v. *Benjamin,* 128 Cal. App.2d 367, 371 [275 P.2d 43].) And the weight to be given the affidavits in support of and in opposition to the motion was for the trial court to determine. (*Rios* v. *Lacey Trucking Co.,* 123 Cal.App.2d 865, 869 [268 P.2d 160].)

There are several logical and valid inferences arising from the instant record which would support a determination by the trial court that the ends of justice would be better served by retaining the action in Los Angeles County. The action was properly brought in the county where five of the six individual defendants reside, where the main office of the defendant partnership is found, and where its records are kept. Attorney Colangelo's affidavit states that the records of defendant partnership must be subpoenaed to establish that ''the freight charges were to be paid by Pacific Fir Sales.''

He also avers that ". . . the obligation for the payment of the freight was assumed by PACIFIC FIR SALES as an integral part of each transaction, and that the plaintiff herein had nothing whatsoever to do with the determination of the rate for the freight, nor in the negotiations therefor." From these averments it is not unreasonable to infer that the "records" of defendant which might be subpoenaed would include considerable and possibly voluminous memoranda, accounting materials, and correspondence. Although it may be assumed that these records could be made available by service of appropriate process upon the partner residing in Humboldt County, the trial court was not obliged to ignore the obvious advantages of having the records conveniently accessible to the trial court's process for purposes of discovery examination, pretrial proceedings and the trial itself. Substantial considerations of time, expense and convenience are obviously material to the issue. (*Harden* v. *Skinner & Hammond, supra,* 130 Cal.App. 2d 750, 755; see *Bartholomae Oil Corp.* v. *Associated Oil Co.,* 203 Cal. 176, 179 [263 P. 516].) ■ The fact that a defendant's books and records are located in another county is not relevant to the question of convenience of witnesses (*Peiser* v. *Mettler, supra,* 50 Cal.2d 594, 616) but such facts may be considered on the question whether the ends of justice will be served by making more expeditious the production of records. (*Harden* v. *Skinner & Hammond, supra,* at 755; cf. *People* v. *Spring Valley Co.,* 109 Cal.App.2d 656, 667 [241 P.2d 1069].)

■ Also, the action was brought by plaintiff in the county in which most of the deliveries of lumber were made. The affidavits indicate that the physical characteristics of the railhead facilities at each of the several points of destination have a direct bearing upon essential issues in the present litigation, since the appropriate freight rate depends on the type of rail facilities at the consignee's place of business. The trial court could reasonably have concluded that the ends of justice would be better served by retaining the action for trial in this county where the terminals in question were located and where witnesses qualified to testify as to the nature of the facilities at the several locations would be readily available. (*Cf. Bartholomae Corp.* v. *Associated Co., supra,* 203 Cal. 176, 179.)

■ Further, it does not appear that there would have been an abuse of discretion if the trial court had denied the motion on the grounds of the convenience of witnesses. By his affidavit, Mr. McCoy indicated he "knows and can testify that defendants agreed to pay plaintiff the freight charges cover-

ing all of said shipments," and his affidavit shows that he will be inconvenienced if the change in the place of trial is ordered. The trial court was obliged to consider the convenience of plaintiff's witness as well as defendants.' "It is no abuse of the trial court's discretion to deny a motion for a change of the place of trial made on the ground of the convenience of witnesses, if the affidavit of the defendant in opposition to the motion shows that his witnesses will be inconvenienced if the change be ordered." (*People* v. *Spring Valley Co., supra,* 109 Cal.App.2d 656, 667; *Churchill* v. *White,* 119 Cal.App.2d 503, 507 [259 P.2d 974].) And "The mere numerical majority of the witnesses on one side or the other does not necessarily determine the merits of the motion." (*Woods* v. *Silvers,* 35 Cal.App.2d 604, 607 [96 P.2d 366]; *People* v. *Spring Valley Co., supra,* at 667.) The motion is addressed to the trial court's judicial discretion, and ". . . the moving party must stand upon the strength of his showing rather than upon the weakness, if any, of the opposition." (*Chaffin Construction Co.* v. *Maleville Bros., supra,* 155 Cal.App.2d 660, 664.)

We adopt and apply to the case at bar the following language from *Churchill* v. *White, supra,* 119 Cal.App.2d 503, 507: "An examination of the affidavits filed herein and the entire record viewed in the light of the rules stated in the cases cited impels the conclusion that it cannot be said as a matter of law that the trial court abused its discretion in denying plaintiff's motion, and ruling, in effect, that plaintiff had failed to prove both of the conditions requisite to a change of the place of trial." (See also *Pacific Coast Title Ins. Co.* v. *Land Title Ins. Co.,* 97 Cal.App.2d 829, 832 [218 P.2d 573].)

The order is affirmed.

Fox, P. J., and Ashburn, J., concurred.