[Civ. No. 23247.   Second Dist., Div. Two.   Jan. 20, 1959.]

J. C. MILLETT COMPANY (a Corporation) et al., Respondents, v. LATCHFORD-MARBLE GLASS COMPANY (a Corporation) et al., Appellants.

Dryer, Hails, Burris & Lagerlof and H. Melvin Swift, Jr., for Appellants.

J. Albert Hutchinson and Leon A. Blum for Respondents.

FOX, P. J.—Defendants appeal from the order granting plaintiffs' motion to change the place of trial from Los Angeles County to the City and County of San Francisco.[1]

Plaintiffs commenced this action for breach of contract and for an accounting in San Francisco. Defendants moved for a change of venue to Los Angeles since the individual defendants resided there. The Superior Court of the City and County of San Francisco denied defendants' motion. On appeal the order was reversed[2] and the action was then transferred to Los Angeles. Thereafter, plaintiffs made a motion to change the place of trial to San Francisco for the convenience of witnesses and to promote the ends of justice. Said motion was supported by an original and supplemental affidavit of Leon A. Blum, attorney for the plaintiffs. In substance, Mr. Blum deposed as follows:

"The First Cause of Action, as stated in paragraph XI thereof, alleges that defendants (who had previously employed plaintiffs as their agents for the sale and distribution of glass bottles and other goods in Northern California, and thereafter—and while their agreement with plaintiffs was still in effect, organized and incorporated subsidiary corporations to compete with plaintiffs in that same business) 'with the intent of competing unfairly with plaintiffs, enticed several employees of plaintiffs to leave their respective employment with plaintiffs and to accept employment with the said subsidiary corporation defendants.'

---

[1] As a precautionary measure, defendants have appealed from both the minute order and the subsequent written order transferring the case to San Francisco.

[2] *J. C. Millett Co.* v. *Latchford-Marble Glass Co.*, 144 Cal.App.2d 838 [301 P.2d 914].

"The employees above referred to include: Frank Toso, Jr., who is now the general manager of the Latchford Package Co., one of the defendants; Kenneth H. Hoffman, who is now office manager of the Latchford Package Co., one of the defendants; Clarence Coulter and Edward H. Norman.

"All of said employees are employed by the defendant corporations in the City and County of San Francisco, State of California, and reside in said City and County or in the immediate vicinity thereof, and will be needed as witnesses at the trial of this action to prove the allegations in paragraph XI of the First Cause of Action in said Amended Complaint.

"All of said employees, being currently employed by defendants, will have to be subpoenaed and examined as adverse witnesses under the provisions of section 2055 of the Code of Civil Procedure, and cannot be compelled to attend the trial at a place more than 150 miles out of the county in which they reside under the provisions of section 1989 of the Code of Civil Procedure.

"The Second Cause of Action of said Amended Complaint, paragraph II thereof, alleges that (after so enticing plaintiffs' said former employees) 'all of the said defendants, thru the instrumentality of said subsidiary corporation defendants and the plaintiffs' said former employees, and in violation of business ethics and the rights of plaintiffs, did offer for sale and sold and made deliveries to customers of plaintiffs in Northern California—in direct competition with plaintiffs and without plaintiffs' consent, wine, liquor and beverage bottles, and continued to do so until the expiration of the said written agreement on December 31, 1952.'

"The customers of plaintiffs to whom such sales and deliveries are alleged to have been made, include but are not limited to the following:

| | | |
|---|---|---|
| Regal Amber Brewing Co. | currently located at | 3250-20th St., S.F. |
| Italian Swiss Colony | " | 615-4th St. " |
| Haas Bros. | " | 2400 Army St., " |
| Lewis Westco Co. | " | 222 Front St., " |
| Alexander-Balart Co. | " | 455 Allan St., " |
| California Wine Co. | " | 221-14th St., " |
| Lucky Lager Brewing Co. | " | 2601 Newhall, " |
| Pepsi-Cola Bottling Co. | " | 640 Valencia, " |

"The testimony of said customers, and of several other customers in Northern California will be required to prove

the allegations of the Second Cause of Action of said complaint, and to prove the dates, amounts and circumstances under which the said alleged sales and deliveries were made.

"Said customers cannot be compelled to attend the trial at a place more than 150 miles out of the county in which they reside or have a place of business according to the provisions of section 1989 of the Code of Civil Procedure."

The above was supplemented by Mr. Blum to include the following: "Supplementing paragraph I of my said affidavit with particular reference to former employees of plaintiffs who have been employed by defendants or one of them, Frank Toso, Jr., Kenneth H. Hoffman, Clarence Coulter and Edward H. Norman, each of them presently employed by the defendants and formerly employed by the plaintiffs, should testify as to the following facts within their own knowledge and recollection: (a) how long each of them had been employed by plaintiffs during and prior to year 1952; (b) the acquaintance of each of them with each of plaintiffs' customers and customers' employees, purchasing practices, needs and preferences and the information and knowledge of each of them of plaintiffs' customers' lists and lists of preferred customers; (c) the date when each of them left the employ of the plaintiffs; (d) the date when, and circumstances under which, each of them became employed by defendants; and (e) what each of them did or was requested to do by the defendants during the period from June 19, 1952 to December 31, 1952, and the information and acquaintance with plaintiffs' business and relationship with plaintiffs' customers used and employed in defendant's behalf, which tended to be a benefit to defendants and a detriment to the plaintiffs; and (f) any other related matters which will tend to establish a course of conduct and conspiracy on the part of the defendants as alleged in paragraph XI of the Amended Complaint.

"Supplementing paragraph II of my said affidavit with particular reference to former customers of plaintiffs Regal Amber Brewing Co., Italian Swiss Colony, Haas Bros., Lewis Westco Co., Alexander-Balart Co., California Wine Co., Lucky Lager Brewing Co., Pepsi-Cola Bottling Co., through their respective officers, employees or purchasing agents, should testify and produce records of the following facts: (a) as to any conversation with and solicitation by defendants or defendants' agents or employees relating to making future purchases from defendants instead of from plaintiffs; (b) dates

and amounts of purchases made by each of said business firms from defendants pursuant to such solicitation (if any) between June 19, 1952 and December 31, 1952 when plaintiffs' contract with the defendants expires; (c) whether such solicitation on behalf of defendants, if any there was, was made by a former employee of plaintiffs, who had accepted employment with defendants during said period; and (d) similar and relevant matter tending to show a course of conduct and conspiracy on the part of the defendants, as alleged in paragraph II of the Second Cause of Action of the Amended Complaint; that each of said business organizations last above named is a substantial business organization employing corporate executives, managing and purchasing agents, accountants, receiving and shipping agents, and billing clerks engaged in their employers' dealings with plaintiffs and with defendants and the identity of each of such employees of said organizations and the scope of the testimony of each cannot be fully anticipated at this date.''

■ Section 397, subdivision 3, of the Code of Civil Procedure empowers a trial court to change the place of trial when the convenience of witnesses and the ends of justice would be promoted by the change. A change of venue made pursuant to this section lies essentially within the sound discretion of the trial judge and his ruling will not be disturbed unless it is made to appear as a matter of law that there has been an abuse of that discretion. (*Wrin* v. *Ohlandt*, 213 Cal. 158, 159 [1 P.2d 991]; *Scott* v. *Stuart*, 190 Cal. 526, 527 [213 P. 947]; *Edwards* v. *Pierson*, 156 Cal.App.2d 72, 76 [318 P.2d 789]; *Chaffin Constr. Co.* v. *Maleville Bros.*, 155 Cal.App.2d 660, 662-663 [318 P.2d 196].) As stated in *Wrin* v. *Ohlandt*, *supra*, at page 159, '' [i]t is well settled that a motion for a change of venue granted upon the convenience of witnesses rests largely in the discretion of the trial court, the exercise of which will not be disturbed on appeal in the absence of a showing of its abuse.''

The question presented on this appeal is whether the trial court abused its discretion, that is, whether it exceeded ''the bounds of reason,—all the circumstances before it being considered.'' (*Sharon* v. *Sharon*, 75 Cal. 1, 48 [16 P. 345]; *Guardianship of Kiles*, 80 Cal.App.2d 751, 755 [182 P.2d 639].)

Defendants anchor their argument that the trial court abused its discretion in granting plaintiffs' motion upon asserted deficiencies in the affidavits filed in support of the mo-

tion. It is to an examination of the affidavits that attention will now be directed.

Defendants first argue that an affidavit in support of a motion for change of venue which consists of conclusions and hearsay statements should be disregarded and cannot support an order based thereon. ■■ While it is true that an affidavit wholly devoid of the probative facts necessary to be stated is insufficient (see *Baird* v. *Smith*, 21 Cal.App.2d 221, 224 [68 P.2d 979]; *Pacific States Corp.* v. *Shepardson*, 105 Cal.App. 747, 751 [288 P. 714]), it is obvious that more than mere conclusions were set forth in the instant affidavits. For example, Leon Blum deposed, not on information and belief (*Pacific States Corp.* v. *Shepardson, supra*), but based on facts within his own knowledge, that defendant induced four named individuals to leave plaintiffs' employment and thereafter employed these named persons themselves. That these former employees reside in or near San Francisco and will be needed as witnesses to testify to specified matters. The above involves neither conclusions nor hearsay. From the foregoing it is apparent defendants' argument is not well founded factually.

Defendants' contention that plaintiffs' affidavits failed to states the names of the witnesses is without merit. The affidavits in support of plaintiffs' motion lists the names and addresses of eight of plaintiffs' former customers and the names of four former employees and state such customers and employees will be needed to testify at the trial in order for plaintiffs to prove their case. ■ It is true that Blum did not state that any particular person *would actually be a witness*, but such an affirmative declaration is unnecessary (see *Wood* v. *Silvers*, 35 Cal.App.2d 604, 610 [96 P.2d 366]) and it is sufficient if the proposed witnesses are identified by name and it is stated they will be necessary witnesses (see *Wood* v. *Silvers, supra*). Furthermore, the fact that the eight former customers named by plaintiff may be corporations rather than individuals does not, contrary to defendants' belief, mean they cannot be deemed a "named" witness. Furthermore, their books and records are subject to subpoena.

■ Defendants next argue that the affidavits in support of the motion failed to set out the substance of the testimony of any alleged witness. While it is no doubt true that the moving party has the burden of showing the relevancy and

materiality of the proposed witnesses' testimony (*Edwards* v. *Pierson, supra,* at page 75; *Juneau* v. *Juneau,* 45 Cal.App. 2d 14, 17 [113 P.2d 463]; *Art Frost of Glendale* v. *Hooper,* 130 Cal.App.2d Supp. 903, 905 [280 P.2d 229]), there is no requirement, where adverse witnesses are involved and section 2055 of the Code of Civil Procedure will be relied on, that the precise testimony be anticipated in the supporting affidavits. This would be impossible in many cases. Under such circumstances, the trial court should be able to pass on the relevancy and materiality of the proposed testimony where the affidavits state the subject to which the proposed testimony will relate. In the instant case, the affidavits did state the subjects upon which testimony would be given by the four former employees and also stated they would have to be called under 2055.

■ There is language in some California cases which indicates that the moving party must show that the witnesses' testimony will be favorable to his position. (See e.g., *Chaffin Constr. Co.* v. *Maleville Bros.,* 155 Cal.App.2d 660 [318 P.2d 196]; *Ennis-Brown Co.* v. *Long,* 7 Cal.App. 313, 316 [94 P. 250].) However, such is not a rigid requirement. Even when a friendly witness is involved in a case where the substance of what he might testify to is not spelled out and it is therefore impossible to forecast whether his testimony would be favorable or unfavorable to the moving party, the trial court is not thereby precluded from exercising its discretion.

■ This court, in *Edwards* v. *Pierson, supra,* at page 75, commented on the question as follows: "In the present instance the moving affidavits state the *subjects* upon which the witnesses are expected to testify but fail to reveal the *substance* of what any of them would say, and it is impossible to tell whether their testimony would be favorable or unfavorable to plaintiff. However, as the object of the stated requirement of the affidavit is to enable the court 'to determine the materiality of the evidence or the necessity of testimony from such witnesses' [citation], the vagueness of the affidavits at bar cannot be said to vitiate although it does present a situation which properly may be considered by the trial judge in exercising his discretion." (Emphasis added.)

Finally, defendants argue that Blum's affidavits failed to demonstrate that both the convenience of witnesses and the ends of justice would be promoted by a transfer of the instant action from Los Angeles to San Francisco. We are of the opinion that plaintiffs satisfied the double burden of

showing that both the convenience of witnesses and ends of justice would be advanced by such a transfer as is required by law. (See *Peiser* v. *Mettler*, 50 Cal.2d 594, 607 [328 P.2d 953] ; *Prewitt* v. *Prewitt*, 128 Cal.App.2d 344, 346 [275 P.2d 63] ; *Rios* v. *Lacey Trucking Co.*, 123 Cal.App.2d 865, 867-868 [268 P.2d 160].)

█ The affidavits do not state why it would be inconvenient for the named witnesses to attend a trial in Los Angeles or that such witnesses would in fact object to attending trial there. Nevertheless, a trial court is justified in drawing reasonable inferences from the evidentiary facts stated in the affidavits. (*Harden* v. *Skinner & Hammond*, 130 Cal.App.2d 750, 753 [279 P.2d 978] ; *Dick* v. *La Madrid*, 82 Cal.App.2d 450, 452 [186 P.2d 149].) In *Dick* v. *La Madrid, supra*, the court stated at page 452 that "[C]onsiderable discretion is vested in the trial court by section 397, Code of Civil Procedure. When such a motion is made, the burden of proof necessarily rests upon the moving party. While inferences may be drawn from facts presented, there must be some evidentiary showing in order to justify the drawing of such inferences." In the case at bar, the names and addresses, or at least city residence and place of employment, were stated. From this, the trial court could have reasonably inferred that it would be inconvenient for these individuals to travel over 400 miles from their place of employment and residence to a trial of indefinite duration. Furthermore, it was inferable from the facts stated that it would be inconvenient for the corporation witnesses to transport their books and records from San Francisco to Los Angeles.

█ While generally the convenience of the employees of either party will not be considered (*Chaffin Constr. Co.* v. *Maleville Bros.*, 155 Cal.App.2d 660, 663 [318 P.2d 196] ; *Willingham* v. *Pecora*, 44 Cal.App.2d 289, 293 [112 P.2d 328]), when such employees are being called by an adverse party, the court may properly consider their convenience. (*Harden* v. *Skinner & Hammond*, 130 Cal.App.2d 750, 751 [279 P.2d 978].)

█ As pertains to a showing that the ends of justice will be promoted, *Harden* v. *Skinner & Hammond, supra*, at page 755, states that "[t]he trial court may rely not only on the direct facts set forth in the affidavits, but also on any reasonable and relevant inference arising therefrom." █ In the instant action there are several logical and valid inferences

arising from the averments in the affidavits to support the trial court's conclusion that the ends of justice would be better served by transferring the trial closer to the witnesses. In the first place, the witnesses would be readily accessible for immediate recall if further testimony was desirable, thus preventing needless delays. The obvious saving in the witnesses' time and expense in traveling to Los Angeles and returning to San Francisco also promote justice. Furthermore, as four of the witnesses are adverse, it would be necessary for plaintiffs to obtain their testimony by deposition if trial were held in Los Angeles, and the ends of justice are better served by representing to the trier of fact oral testimony rather than submitting the same through depositions. (*Bartholomae Oil Corp.* v. *Associated Oil Co.*, 203 Cal. 176, 179-180 [263 P. 516] ; *Carr* v. *Stern*, 17 Cal.App. 397, 408 [120 P. 35].) As stated in *Carr* v. *Stern, supra*, at page 408, '' [i]t is true, of course, that, should the trial be had in San Francisco, their depositions could be taken, if their personal attendance could not be secured, still it is manifestly always more satisfactory and desirable, in jury cases in particular, to present the testimony first hand to those who must determine the questions of fact than to submit the same through depositions, which, in practical effect, is always a sort of hearsay way of adducing the proofs.''

It is true that defendants' counsel in his affidavit ''pledged'' the attendance of the four employees at a trial in Los Angeles. However, the trial court was warranted in rejecting this pledge in that defendants themselves had no way of assuring their attendance at the time of trial and, in any event, the process of court would be more effective than a personal pledge.

Therefore, it cannot be said that the trial judge abused his discretion in granting plaintiffs' motion to change the place of trial. Under all the circumstances it does not appear that the trial judge exceeded the bounds of reason in concluding that the testimony of specified witnesses would be material and relevant and that the ends of justice and the convenience of these witnesses would be promoted by a change in the place of trial.

Affirmed.

Ashburn, J., and Herndon, J., concurred.