[Civ. No. 25515.   Second Dist., Div. Two.   Apr. 17, 1962.]

NELLAMAE CORFEE et al., Plaintiffs and Respondents, v. SOUTHERN CALIFORNIA EDISON COMPANY, Defendant and Appellant.

474

Rollin E. Woodbury, Chase, Rotchford, Downen & Drukker, Richard T. Drukker and Alan W. Ford for Defendant and Appellant.

Lyman & Lowry and Ball, Hunt & Hart for Plaintiffs and Respondents.

HERNDON, J.—This is an appeal by defendant Southern California Edison Company from an order denying its motion for change of venue from Los Angeles to Santa Barbara

County on the grounds that the convenience of witnesses and the ends of justice would be promoted by the change. The sole question presented is whether the trial court's ruling constituted an abuse of discretion.

The action was filed in Los Angeles County by the widow and minor children of Orville Wayne Corfee for damages for his wrongful death, and for personal injuries sustained by Robert Wayne Corfee, one of the minor children, as a result of an electrical accident which occurred on August 17, 1958. At the time of the accident, decedent was engaged in erecting a television antenna to serve a trailer on a site which had been furnished to him by Consolidated Rock Products Company on the premises of its batch cement mixing plant near Goleta in the County of Santa Barbara.

The defendants are Consolidated Rock Products Company, Jack Winstrom and Elmer Winstrom, doing business as Goleta Electric Co., and appellant. The principal offices of Consolidated Rock Products Company and appellant are located in Los Angeles County. The other defendants reside and conduct their business in Santa Barbara County.

The amended complaint alleges that plaintiffs reside in Los Angeles County; that Consolidated Rock Products Company was negligent in selecting a dangerous site for the trailer and permitting a dangerous condition to exist and that the other defendants were negligent in the installation, maintenance, operation, inspection, and control of power lines. It is alleged that said negligence proximately caused the aforementioned death and injuries. The answers of defendants deny liability and allege contributory negligence and assumption of risk.

The declaration in support of the motion for change of venue lists the names of 20 witnesses, the address of each, and a brief notation opposite each name under the heading *"Nature of Substance of Testimony."* These notations only very briefly indicate the general subject of the testimony. They not only fail to set forth the substance of the expected testimony of the witness, but they do not indicate which party it will favor. The addresses of 16 of the witnesses are indicated to be in Santa Barbara County and two in Los Angeles County.

The declaration further states in substance that the witnesses residing in Santa Barbara County cannot attend the trial of the action in Los Angeles "without great loss of time from work or other activities and would be greatly inconveni-

enced thereby''; that the cost of travel would be increased; that a trial in Santa Barbara County would be shortened and less expensive; that the witnesses could be present and testify in person rather than by deposition; that a jury has been demanded, and that a jury view of the premises would greatly promote the ends of justice.

The declaration of Frank A. Lowry, one of the attorneys for plaintiffs, was filed in opposition to the motion. It lists the names of nine of the witnesses named by appellant, and states that they ''are believed to be minor employees'' of appellant. It states that the testimony of four other witnesses named by appellant ''is of minor importance . . . and may be completely irrelevant. . . .''

The declaration in opposition lists the names and addresses of 25 witnesses on whom the plaintiffs ''will rely.'' The list includes the names of the three plaintiffs and states that their address is in Los Angeles County. It shows the addresses of 12 others as Los Angeles County. The nature of their testimony is indicated by brief notations similar to those made in the declaration supporting the motion, merely showing the connection of each witness with the circumstances. Of the 12 persons residing in Los Angeles County, it is stated that one ·was a witness to the accident, two were present at the scene of the accident, and three inspected the scene the day after the accident.

The remaining six are identified as an electrical engineer, four as medical experts and the sixth merely by the notation ''Examination of antenna involved.'' It is stated that: ''the medical experts . . . have performed extensive examinations and/or prescribed important treatments, operations, skin ·grafts and tests in the treatment of the severe burns and crippling injuries resulting therefrom to Robert Wayne Corfee''; that their presence is necessary at the trial to prove damages; that the testimony of the electrical engineer ''is believed necessary'' to prove certain facts of a technical nature concerning the subject of electricity. It is then stated on information and belief that expert witnesses charge for court appearances a minimum of $150 per day and that medical witnesses will not agree to court appearances at distant cities because of the heavy operating and treatment schedules of their practice.

The counter declaration also states in substance that the scene of the accident is located almost a quarter mile from any road and has been photographed repeatedly by both sides;

that plaintiffs' witnesses, numbering far in excess of those listed in the declaration of appellant's counsel, would have to be transported to Santa Barbara if the place of trial were changed, and that the plaintiffs are unable to bear this expense.

Appellant's contention is that by the declaration of its counsel it made out a "prima facie" case for a change of the place of trial to Santa Barbara County; that the showing made by plaintiffs in opposition is legally insufficient to controvert the facts it has established, and that the trial court therefore abused its discretion in denying the motion.

"The burden rests upon one who seeks a change of venue under Code of Civil Procedure, section 397, subdivision 3, to prove that both the convenience of witnesses and the ends of justice will be promoted thereby. [Citations.] This he must do through affidavits which contain something more than generalities and conclusions. [Citation.] It is primarily a question for the trial judge whether that burden has been successfully sustained." (*Edwards* v. *Pierson,* 156 Cal.App. 2d 72, 75 [318 P.2d 789].) The moving party must stand on the strength of his own showing rather than on any weakness of the opposition. (*Chaffin Constr. Co.* v. *Maleville Bros.,* 155 Cal.App.2d 660, 664 [318 P.2d 196] ; *Minatta* v. *Crook,* 166 Cal.App.2d 750, 757 [333 P.2d 782].)

Affidavits or declarations in support of the motion must set forth the names of the witnesses, the nature of the testimony expected from each, and the reasons why the attendance of each would be inconvenient. (*Peiser* v. *Mettler,* 50 Cal.2d 594, 607 [328 P.2d 953] ; *Harden* v. *Skinner & Hammond,* 130 Cal.App.2d 750, 755 [279 P.2d 978].) The nature of the testimony expected of each is necessary so that the court may determine the materiality of the evidence or the necessity of the testimony from such witnesses. (*Juneau* v. *Juneau,* 45 Cal.App.2d 14, 16 [113 P.2d 463].) The convenience of witnesses whose testimony will be merely cumulative is entitled to little consideration. (See *International Investment Co.* v. *Chagnon,* 175 Cal.App.2d 439, 446 [346 P.2d 209].)

In the instant case the brief statements in the declaration in support of the motion which indicate the connection of the witnesses with the circumstances do not reveal what the substances of their testimony would be and whether it would be favorable or unfavorable to appellants. (See *Edwards* v. *Pierson, supra,* 156 Cal.App.2d 72, 75.) The

declaration fails to make any adequate showing that the convenience of witnesses, considered in the aggregate, would be promoted by the change. The statements in the appellant's declaration tend to indicate that at least seven of the persons, and possibly more, would testify regarding physical conditions at the scene of the accident. Without more specific information, the court could do little more than speculate as to whether the testimony was unnecessarily cumulative.

Ordinarily only convenience to third-party disinterested witnesses will be considered. Convenience to the parties or their agents or employees may not be considered. (*Wrin* v. *Ohlandt,* 213 Cal. 158, 160 [1 P.2d 991]; *International Investment Co.* v. *Chagnon, supra,* 175 Cal.App.2d 439, 446.) The declaration in support of the motion states the nature of testimony to be given by certain of the persons listed as follows: "Installer of transformer on line involved four days before accident"; "Stenographer who took order for service"; "Wrote order for installation of service"; "Checked line in July prior to accident"; "Physical scene and condition of Edison equipment shortly after accident." A valid and logical inference to be drawn from these statements is that some or all of these persons are employees of appellant. In addition, the record before the trial court and before us includes the answer of appellant to interrogatories in which it is revealed that four of the named persons listed as witnesses residing in Santa Barbara are employees of appellant.

Where the only showing of inconvenience is the loss of time in traveling between the two places, and the declaration in opposition indicates that there are witnesses residing in the place where the action was properly brought, a logical inference to be drawn is that the latter witnesses will likewise be similarly inconvenienced if the place of trial is changed. (*J. C. Millett Co.* v. *Latchford-Marble Glass Co.,* 167 Cal. App.2d 218, 227 [334 P.2d 72].) If the affidavit of the party opposing the motion shows that his witnesses will be inconvenienced by the change, there is no abuse of the trial court's discretion in denying the motion. (*Hecker* v. *Ross,* 183 Cal.App.2d 30 [6 Cal.Rptr. 438], and cases cited at p. 33.) Moreover, as said in *International Investment Co.* v. *Chagnon, supra,* 175 Cal.App.2d 439, 446: "Since [the moving party's] list of witnesses included witnesses whose testimony might be regarded as cumulative, and included witnesses whose convenience should not be considered, the trial judge might have

believed that the affidavit on behalf of [the moving party] exaggerated or unduly emphasized the number of witnesses whose convenience would be served.''

██ ''The determination of a motion of this kind is addressed to the sound discretion of the trial judge. (*Wrin* v. *Ohlandt,* 213 Cal. 158 [1 P.2d 991] ; *Plum* v. *Newhart,* 118 Cal.App. 73 [4 P.2d 805].) His determination 'will not be disturbed by an appellate tribunal except where it manifestly appears that there is a clear abuse of discretion on the part of the trial judge.' (*Willingham* v. *Pecora,* 44 Cal.App. 2d 289, 293 [112 P.2d 328].) ██ Moreover, 'It is not only necessary that the convenience of witnesses be promoted but equally essential that the ''ends of justice'' be promoted before the court is justified in granting the motion.' (P. 295.) '' (*Chaffin Constr. Co.* v. *Maleville Bros., supra,* 155 Cal.App.2d 660, 662-663 ; *Edwards* v. *Pierson, supra,* 156 Cal.App.2d 72, 76 ; *Hecker* v. *Ross, supra,* 183 Cal.App.2d 30, 33.) The weight to be given the affidavits supporting and opposing such a motion is for the trial court to determine. (*Minatta* v. *Crook, supra,* 166 Cal.App.2d 750, 755 ; *Rios* v. *Lacey Trucking Co.,* 123 Cal.App.2d 865, 869 [268 P.2d 160].)

██ No abuse of discretion on the part of the trial judge has been shown in this case. Respondents contend most strongly that appellant's motion, filed nearly two years after the cause was at issue as to appellant, was untimely and properly denied because of appellant's unreasonable delay and lack of diligence. (See *Newman* v. *County of Sonoma,* 56 Cal.2d 625, 628 [15 Cal.Rptr. 914, 364 P.2d 850] ; *Votaw* v. *Miller,* 42 Cal.App.2d 676, 677 [109 P.2d 719].) In view of the present record, it is unnecessary for us to decide the merits of this latter contention.

The order is affirmed.

Fox, P. J., and Ashburn, J., concurred.